In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 04-1245

ISMAEL HERNANDEZ-ALVAREZ,

*Petitioner,*

*v.*

ALBERTO R. GONZALES,

*Respondent.*

_____

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A43 789 540

_____

ARGUED OCTOBER 19, 2005—DECIDED DECEMBER 28, 2005

_____

Before MANION, ROVNER, and WOOD, *Circuit Judges.*

MANION, *Circuit Judge.* Mexican citizen Ismael Hernandez-Alvarez became a lawful permanent resident in 1992. But in 2002 he was convicted in Illinois of indecent solicitation of a child, 720 ILCS 5/11-6(a) (2000), and consequently the Department of Homeland Security initiated removal proceedings under 8 U.S.C. § 1227(a)(2)(A)(iii) (2000), which requires expulsion of an alien convicted of an "aggravated felony." The Immigration and Nationality Act defines "aggravated felony" to include "sexual abuse of a minor," 8 U.S.C. § 1101(a)(43)(A) (2000), as well as attempts to commit that offense, *id*. § 1101(a)(43)(U) (2000),

and the government argued that indecent solicitation of a child falls within both subsections. The Immigration Judge ("IJ") and the Board of Immigration Appeals ("BIA") concluded that Hernandez's conviction for solicitation constituted an attempt to commit sexual abuse of a minor. Although Hernandez's crime did not involve a minor but rather an adult undercover investigator, we agree that this fact did not prevent the BIA from categorizing his crime as an aggravated felony under the INA. Accordingly, we deny the petition for review.

## I.

In January 2002, Hernandez entered an Internet chat-room and conversed with "Katie," whom he believed to be a 15-year-old female from Waukegan, Illinois. "Katie" was actually an adult undercover investigator. Hernandez made plans to meet "Katie" for sex, but he was arrested the next morning en route to the address "Katie" supplied. Hernandez, who was 20 at the time, admitted that he believed "Katie" was only 15. In April 2002, Hernandez was convicted of indecent solicitation of a child under 720 ILCS 5/11-6(a), which provides:

> A person of the age of 17 years and upwards commits the offense of indecent solicitation of a child if the person, with the intent that the offense of aggravated criminal sexual assault, criminal sexual assault, predatory criminal sexual assault of a child, or aggravated criminal sexual abuse be committed, knowingly solicits a child or one whom he or she believes to be a child to perform an act of sexual penetration or sexual conduct as defined in Section 12-12 of this Code.

720 ILCS 5/11-6(a). Hernandez was accused of arranging the rendezvous to engage in aggravated criminal sexual

abuse, a class 3 felony. He was sentenced to 30 months' probation and six months' periodic imprisonment, which was stayed on the condition that he comply with the terms of his probation. He was also required to register as a sex offender and undergo sex-offender testing and counseling.

As a result of this conviction, DHS initiated removal proceedings. Initially, Hernandez was charged as being removable on two independent grounds: under 8 U.S.C. § 1227(a)(2)(A)(iii) on the theory that indecent solicitation of a child constitutes "sexual abuse of a minor" and thus is an aggravated felony, *see* 8 U.S.C. § 1101(a)(43)(A) (defining "aggravated felony" to include "sexual abuse of a minor"); and, alternatively, under § 1227(a)(2)(E)(i) on the theory that the solicitation offense constitutes "child abuse." Later DHS added a third ground for removability, which, like the first asserted ground, arises under § 1227(a)(2)(A)(iii): that Hernandez's offense, if not actually sexual abuse of a minor, was at least an attempt to commit that offense and thus still an aggravated felony, *see* 8 U.S.C. § 1101(a)(43)(U) (defining "aggravated felony" to include an attempt to commit any substantive offense listed in § 1101(a)(43)).

At his removal hearing, Hernandez argued that his state conviction did not constitute either actual or attempted "sexual abuse of a minor" within the meaning of § 1101(a)(43), or child abuse under § 1227(a)(2)(E)(i). The IJ reasoned that, whether or not Hernandez "was convicted of 'sexual abuse of a minor' or 'child abuse,'" he intended to engage in sexual abuse of a minor and took a substantial step towards committing that criminal act, and thus "his conviction clearly qualifies as an <u>attempt</u> to commit sexual abuse of a minor" under § 1101(a)(43)(U). The BIA, in a one-judge order, upheld the IJ's decision.

**II.**

In this court Hernandez argues that his solicitation conviction does not qualify as either "sexual abuse of a minor" or as an "attempt" to commit sexual abuse of a minor because the person solicited "was in fact an adult undercover investigator" rather than a child. Before addressing this contention, we must first ensure that we have jurisdiction over this petition.

The government suggests that we lack jurisdiction to review the order of removal because, the government maintains, Hernandez is an aggravated felon as defined in § 1101(a)(43)(U). *See* 8 U.S.C. §§ 1252(a)(2)(C), 1227(a)(2)(A)(iii). At the same time, the government seems to acknowledge that this court has always had jurisdiction to review whether a conviction which serves as the basis for removal under § 1227(a)(2)(A)(iii) actually constitutes an aggravated felony. The enactment of the REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231, 310-311 (2005), conferred explicit jurisdiction on this court to consider constitutional claims and questions of law raised in proper petitions for review. 8 U.S.C. § 1252(a)(2)(D) (2000 & Supp. 2005); *Ramos v. Gonzales*, 414 F.3d 800, 802 (7th Cir. 2005). But even before the REAL ID Act we had jurisdiction to determine whether an underlying conviction qualifies as an aggravated felony under § 1227(a)(2)(A)(iii). *See Ramos*, 414 F.3d at 801. Because Hernandez's petition is limited to arguing that his state conviction is not an aggravated felony, we had jurisdiction to review the petition before enactment of the REAL ID Act, and we will continue to exercise jurisdiction over such claims.

Hernandez first contends that the BIA "reversed" a finding by the IJ that his solicitation conviction did not constitute "sexual abuse of a minor" as understood in

§ 1101(a)(43)(A). But this reading mischaracterizes the decisions of both immigration courts. The IJ seems to have passed on deciding whether Hernandez's solicitation conviction constituted a conviction for the completed offense of sexual abuse of a minor under § 1101(a)(43)(A). Instead the IJ labeled the conviction as one under § 1101(a)(43)(U) for *attempt* to commit sexual abuse of a minor. The BIA endorsed this conclusion. There is no conflict between the two decisions.

As to the merits, Hernandez argues that his solicitation conviction does not qualify as an aggravated felony. But in *Gattem v. Gonzales*, 412 F.3d 758 (7th Cir. 2005), we held that "sexual abuse of a minor" under § 1101(a)(43)(A) encompasses Illinois convictions for solicitation of a minor. The statute at issue in *Gattem* provides:

> Any person who offers a person not his or her spouse any money, property, token, object, or article or anything of value to perform any act of sexual penetration as defined in Section 12-12 of this Code, or any touching, or fondling of the sex organs of one person by another person for the purpose of sexual arousal or gratification, commits the offense of solicitation of a sexual act.

720 ILCS 5/11-14.1(a) (2000). In *Gattem* the defendant committed a misdemeanor violation by offering cigarettes to a minor under age 17 if she would engage in oral sex with him. *Gattem*, 412 F.3d at 765. This court recognized that Congress intended a categorical approach for determining whether a state conviction is an aggravated felony for immigration purposes. *Id.* (identifying aggravated felonies based on elements of state offense and, where necessary, the charging document); *see also United States v. Pallares-Galan*, 359 F.3d 1088, 1099 (9th Cir. 2004). We then concluded that

there exists an "inherent risk of exploitation, if not coercion, when an adult solicits a minor to engage in sexual activity." Thus, solicitation, a partially completed offense similar to an attempt, *see United States v. Lamb*, 207 F.3d 1006, 1008 (7th Cir. 2000), constitutes sexual abuse of a minor under § 1101(a)(43)(A). *Gattem*, 412 F.3d at 765. Because Hernandez was convicted of indecent solicitation of a child, *Gattem* compels the conclusion that his conviction falls, at least facially, within the INA's definition of "sexual abuse of a minor."

In *Gattem*, though, the defendant in fact solicited a minor, whereas Hernandez did not. Hernandez was convicted under a statute that encompasses solicitation of a child or one who is believed to be a child, 720 ILCS 15/11-6(a). He contends that solicitation cannot be an aggravated felony if there was not a minor actually involved. This really is an argument of impossibility: because Hernandez's victim was an adult undercover investigator, completion of the crime could not have resulted in "sexual abuse of a minor" as contemplated by the INA.

We reject the argument that impossibility precludes Hernandez's conviction from being characterized as an aggravated felony under the INA. "The impossibility of completing the offense attempted is not a defense" to a charge of attempted criminal sexual abuse under Illinois law. *People v. Patterson*, 734 N.E.2d 462, 468 (Ill. App. Ct. 2000); *see also* 720 ILCS 5/8-4(b) ("It shall not be a defense to a charge of attempt that because of misapprehension of the circumstances it would have been impossible for the accused to commit the offense attempted.") The same principle applies to analogous charges under federal law, *see United States v. Meek*, 366 F.3d 705, 717-18 (9th Cir. 2004); *United States v. Root*, 296 F.3d 1222, 1227 (11th Cir. 2002);

*United States v. Farner*, 251 F.3d 510, 512-13 (5th Cir. 2001). Extending this line of reasoning to the immigration context, we find no error in the IJ's conclusion that Hernandez's conviction for indecent solicitation of a child qualifies as an aggravated felony under § 1227(a)(2)(A)(iii). The petition for review is therefore DENIED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*