# In the
# United States Court of Appeals
## For the Seventh Circuit

---

No. 05-3188

MAURICIO ROSALES-PINEDA,

*Petitioner,*

*v.*

ALBERTO R. GONZALES,

*Respondent.*

---

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A44 117 426

---

ARGUED APRIL 3, 2006—DECIDED JUNE 19, 2006

---

Before EASTERBROOK, ROVNER, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Petitioner Mauricio Rosales-Pineda appeals from a final order of removal based on his illegal entry into the United States. Rosales had two prior convictions for theft that he failed to disclose on his immigrant visa application. Rosales concedes that he is deportable, but argues that the BIA erred in finding him ineligible for discretionary relief on the basis of a prior narcotics conviction that was reflected in a "rap sheet." However, we conclude that the BIA was entitled to rely on the rap sheet and the related corroborating evidence because it reasonably indicated that he had been convicted of a drug offense. Therefore, we deny the petition for review.

## I.  BACKGROUND

Rosales, a citizen of Mexico, entered the United States in 1982 at the age of nineteen. In 1984, he was twice convicted of theft in violation of California law. At some point in 1985, Rosales moved to Indianapolis, where he later married an American citizen. On the basis of his marriage, Rosales filed an immigrant visa petition in 1993 and was granted permanent residency. Rosales failed to disclose his two prior theft convictions in his petition; instead, he checked a box indicating that he had never been arrested or convicted of any crime.

In 2000, Rosales applied for naturalization. During the background investigation for his naturalization application, the Government uncovered his California theft convictions and immediately initiated removal proceedings, pursuant to the Immigration and Nationality Act ("INA") § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II). Prior to Rosales's removal hearing, the Government also discovered evidence of a third conviction in the form of an FBI Identification Record, commonly referred to as a "rap sheet." The rap sheet indicated that Rosales, under the name "Alberto Torres Sarajoza," was convicted of a controlled substance violation on May 30, 1985, and sentenced to ninety days' imprisonment.

At his removal hearing, Rosales conceded that the theft convictions constituted two separate crimes involving moral turpitude and that he was deportable under 8 U.S.C. § 1227(a)(2)(A)(ii). Rosales also conceded that he was inadmissible at the time he was granted permanent residency, pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I), and was deportable under 8 U.S.C. § 1227(a)(1)(A). However, he argued that he was eligible for discretionary relief under 8 U.S.C. §§ 1182(h) and (i), which authorize the issuance of a discretionary waiver for certain categories of inadmissible aliens.

The Immigration Judge concluded that Rosales was not eligible for a waiver of inadmissibility because of his conviction for a drug-related offense. Although the IJ asked both parties to produce court records of the drug conviction, neither Rosales nor the Government was able to uncover any. The Government submitted the FBI rap sheet as evidence of the drug-related conviction. The rap sheet accurately reflected the two theft convictions that Rosales admitted, one of which was under the name "Miguel Alvarez Torres." At the hearing, Rosales also conceded that he had used both "Miguel Alvarez Torres" and "Alberto Torres Sarajoza" in the past as aliases. He denied, however, that the drug conviction under the Sarajoza name was in any way related to him. The Immigration Judge did not find him to be credible, in part because of his admitted lies in his 1993 residency petition. After the IJ denied Rosales's application for adjustment of status, he appealed to the BIA, which affirmed the decision of the IJ and dismissed Rosales's appeal. He then filed his petition for review in this court.

## II. ANALYSIS

### A. Jurisdiction

Generally, we do not have jurisdiction to review a final order of removal based on an alien's violation of a controlled substances law (other than a single offense involving possession for one's own use of 30 grams or less of marijuana) or commission of a crime of moral turpitude. *See* 8 U.S.C. § 1252(a)(2)(C). We also do not generally have jurisdiction to review the BIA's decisions denying discretionary relief. *See* 8 U.S.C. § 1252(a)(2)(B); *Vasile v. Gonzales*, 417 F.3d 766, 768 (7th Cir. 2005). But under the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, 310-11 (2005) (codified at 8 U.S.C. § 1252(a)(2)(D)), this court has jurisdic-

tion to review all constitutional claims and questions of law arising from deportation proceedings. *See Ramos v. Gonzales*, 414 F.3d 800, 802 (7th Cir. 2005).

"When the board writes an opinion, the opinion becomes the basis for judicial review of the decision of which the alien is complaining." *Niam v. Ashcroft*, 354 F.3d 652, 655 (7th Cir. 2004). The Government argues that this court is without jurisdiction to adjudicate Rosales's petition because the petition raises no question of law—it contends that the BIA's decision was purely discretionary and is thus unreviewable in this court. We disagree. The BIA concluded that Rosales was statutorily ineligible for discretionary relief as a result of his drug conviction. The BIA opinion stated, "The issue then is whether or not the respondent has demonstrated that he is not removable for a controlled substance violation and remains eligible for a waiver of inadmissibility under section 212(h) of the Act."

Rosales argues that the BIA's conclusions constituted legal error because the reliance on the rap sheet as proof of his drug conviction conflicted with the explicit language of 8 U.S.C. § 1229a(c)(3)(B), which describes the types of evidence an immigration judge can rely upon as proof of a conviction. The question of whether the IJ's reliance on the rap sheet was appropriate is a pure question of law, and this court has jurisdiction to review Rosales's petition.

### B. The BIA's Reliance on the FBI Identification Record

The BIA's conclusion that Rosales was ineligible for the discretionary relief he sought rested entirely on its finding that he had been convicted of a drug offense. Rosales does not challenge the BIA's conclusion that 8 U.S.C. § 1182(a)(2)(A)(i)(II) bars him from eligibility for a waiver of inadmissibility if he was convicted of the drug offense in question. What he challenges is the BIA's conclusion that he was convicted of a drug offense. More specifically, he challenges the method of proof relied upon by the BIA.

The INA, which lists specific documents that can be used as proof of a conviction in removal proceedings, states:

> In any proceeding under this chapter, any of the following documents or records (or a certified copy of such an official document or record) shall constitute proof of a criminal conviction:
>
> (i) An official record of judgment and conviction.
>
> (ii) An official record of plea, verdict, and sentence.
>
> (iii) A docket entry from court records that indicates the existence of the conviction.
>
> (iv) Official minutes of a court proceeding or a transcript of a court hearing in which the court takes notice of the existence of the conviction.
>
> (v) An abstract of a record of conviction prepared by the court in which the conviction was entered, or by a State official associated with the State's repository of criminal justice records, that indicates the charge or section of law violated, the disposition of the case, the existence and date of conviction, and the sentence.
>
> (vi) Any document or record prepared by, or under the direction of, the court in which the conviction was entered that indicates the existence of a conviction.

(vii) Any document or record attesting to the conviction that is maintained by an official of a State or Federal penal institution, which is the basis for that institution's authority to assume custody of the individual named in the record.

8 U.S.C. § 1229a(c)(3)(B). It is clear that an FBI Identification Record is neither explicitly nor implicitly included in Section 1229a(c)(3)(B)'s list. A roughly equivalent, though slightly narrower, list is included in the Attorney General's regulations at 8 C.F.R. § 1003.41(a) and that regulation also does not identify rap sheets.

However, 8 C.F.R. § 1003.41(d) greatly expands the range of documents that may be used as proof of a conviction by authorizing the consideration of "[a]ny other evidence that reasonably indicates the existence of a criminal conviction." As the Second Circuit recently observed, the Supreme Court's instruction of deference to agency regulations requires us, under these circumstances, to view the list in 8 U.S.C. § 1229a(c)(3)(B) as not exhaustive. *See Francis v. Gonzales*, 442 F.3d 131, 142 (2d Cir. 2006) (citing *Chevron USA, Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984)) ("It seems to us to be reasonable enough for the Attorney General to read the statute as a list of what documents constitute conclusive proof of conviction, as it says, but not as a prohibition on admitting other types of documents."); *see also Fequiere v. Ashcroft*, 279 F.3d 1325, 1327 (11th Cir. 2002) (concluding that the list in Section 1229a(c)(3)(B) is not exhaustive).

The question that we are left with, then, is whether the FBI Identification Record used in this case "reasonably indicate[d] the existence of a criminal conviction," pursuant to 8 C.F.R. § 1003.41(d). In *Francis*, the Second Circuit concluded that a Jamaican police report was insufficient to prove the existence of a conviction for the purpose of establishing the petitioner's deportability. *Francis*, 442 F.3d

at 144. But the ultimate inquiry in *Francis* was different than the inquiry here—the question in that case was whether the petitioner was deportable. Here, Rosales concedes that he is deportable; the only question is whether a drug conviction barred him from discretionary relief. This distinction is significant because, after concluding that the Jamaican police report was admissible, the Second Circuit went on to assess the sufficiency of the report in the context of the requirement that eligibility for deportation be established by "clear, convincing, and unequivocal evidence." *See id.* at 138, 144 (citing *Berenyi v. Immigration Dir.*, 385 U.S. 630, 636-37 (1967) ("When the Government seeks to strip a person of citizenship already acquired, or deport a resident alien and send him from our shores, it carries the heavy burden of proving its case by 'clear, unequivocal, and convincing evidence.'")). The Second Circuit merged the inquiry of whether the rap sheet reasonably indicated a conviction into its analysis of whether the rap sheet was sufficient evidence to support the petitioner's deportability.

Here, because Rosales concedes that the Government is entitled to deport him, we need not determine whether the FBI Identification Record constituted clear and convincing evidence of a criminal conviction for a drug offense. We need only determine whether it "reasonably indicated the existence of a criminal conviction."

In this case, the FBI Identification Record reasonably indicated that Rosales had been convicted of a drug related offense. As the BIA observed, the FBI Identification Record accurately reflected the theft convictions that Rosales admitted and the alias he admitted to using in one of his theft convictions. The location of the drug conviction was Los Angeles County, the same location where Rosales committed the theft offenses and the area in which he lived until some point in 1985. The temporal connection between

the drug conviction and the admitted theft convictions also bolsters the reasonableness of reliance on the rap sheet. The alleged drug conviction occurred in 1985, a year in which Rosales admits he lived in the area, and it occurred shortly after the other criminal activity Rosales admits. Most damaging to Rosales's case, the FBI Identification Record identifies him as having been convicted under the name "Alberto Torres Sarajoza," and Rosales admitted at his hearing that he had used that alias in the past. This is not a very common name. *Cf. Peaceable Planet Inc. v. Ty Inc.*, 362 F.3d 986, 990 (7th Cir. 2004) (observing that the name "Niles" is "not a very common name" in trademark infringement suit involving identically-named "Beanie Baby" and competing stuffed animal). Given these circumstances, we cannot find legal error in the BIA's decision to rely on the FBI rap sheet as proof that Rosales had been convicted of a drug offense.

Although we uphold the use of the FBI rap sheet in this case, we do not find that rap sheets will always constitute sufficient evidence of a conviction to bar discretionary relief. There are certainly situations where a rap sheet would likely not meet the described burden. For example, a rap sheet from a foreign jurisdiction would necessarily be subject to more intense scrutiny than one with a domestic origin, as indicated by the Second Circuit. *See Francis*, 442 F.3d at 143 ("[e]ven if we were to credit a domestic rap sheet, moreover, a report from a foreign police department is even less reliable"). Even a domestic rap sheet would likely be insufficient in the absence of corroborating circumstances like those present in this case. But here, the FBI Identification Record reasonably indicated that Rosales had been convicted of a drug related offense, and thus, as the BIA concluded, Rosales was statutorily ineligible for the discretionary relief he sought below.

### III. CONCLUSION

The petition for review is DENIED.

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*

USCA-02-C-0072—6-19-06