**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted January 29, 2008[*]
Decided February 22, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No.  07-1516

| | |
|---|---|
| MIGUEL FLORES-ARADILLAS, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals |
| *v.* | No. A75-826-581 |
| MICHAEL B. MUKASEY, Attorney General of the United States, *Respondent*. | |

### O R D E R

Miguel Flores-Aradillas, a citizen of Mexico, entered the United States in 1988 on a tourist visa and has lived in this country ever since.  In 2006 the Department of Homeland Security began removal proceedings against Flores-Aradillas based on his visa overstay and an Illinois conviction for possession of ecstacy.  An immigration judge

---

[*]Counsel for the parties waived argument, and thus the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2).

ordered Flores-Aradillas removed to Mexico and denied his application for cancellation of removal because of the drug conviction. The Board of Immigration Appeals affirmed the IJ's decision. Flores-Aradillas petitions for review, arguing that he was denied due process because the IJ (1) refused to grant him cancellation of removal and (2) never told him that he might be eligible for voluntary departure. We dismiss the petition for lack of jurisdiction.

In 1988, when he was eight years old, Flores-Aradillas crossed the Mexican border on a tourist visa that permitted him to remain in the United States until June 1989. But he did not leave the United States when his visa expired. In 2000, Flores-Aradillas was convicted in an Illinois court of possessing ecstacy and sentenced to two years' probation. He later married a United States citizen and fathered a child, though he is now divorced.

In September 2006 authorities issued a Notice to Appear and a warrant for Flores-Aradillas's arrest. The notice warned him that the Department of Homeland Security believed he was removable based on his visa overstay and his drug conviction. The parties appeared before an IJ three times during October and early November, but each time counsel for Flores-Aradillas requested additional time to prepare and obtained a continuance.

In requesting the third continuance, counsel told the IJ that he intended to move for adjustment of status and file an application for cancellation of removal. The IJ agreed to accept any application for relief that Flores-Aradillas wanted to submit, but warned counsel that it was his "burden to establish" that Flores-Aradillas's ecstacy conviction did not make him ineligible for whatever relief he sought. The IJ then reset the matter for November 15, 2006, and told counsel to submit any application for relief by that date. Counsel told the IJ that he would "prepare a bare bones application and move to supplement at a subsequent hearing," and the IJ replied that he wasn't "asking for anything but an application," though counsel would need to discuss whether Flores-Aradillas was eligible for relief under the statutes. The IJ then personally addressed Flores-Aradillas and stated that he would give his lawyer "an opportunity to file the applications and make any arguments relating to eligibility before we set your case down for a hearing." Three days later counsel submitted an application for cancellation of removal, in which he disclosed the 2000 drug conviction.

When the matter was reconvened on November 15, the IJ noted that Flores-Aradillas did not appear to be statutorily eligible for cancellation of removal because of

the drug conviction and asked counsel to present any argument to the contrary. But counsel (a different lawyer but from the same firm) was not prepared to address that question, and instead presented a motion to subpoena the medical records of Flores-Aradillas's ex-wife. Counsel asserted that the records contained information necessary to supplement the application for cancellation of removal, but the IJ observed that the information counsel wanted was irrelevant to whether Flores-Aradillas's drug conviction precluded relief. The IJ thus denied the motion and, because of the drug conviction, also denied Flores-Aradillas's application for cancellation of removal. Finally, the IJ ordered Flores-Aradillas removed to Mexico because he had overstayed his visa by 17 years and because of his ecstacy conviction.

Flores-Aradillas appealed the IJ's decision to the Board of Immigration Appeals, arguing that the IJ had erred in concluding that his drug conviction made him ineligible for cancellation of removal. The BIA affirmed without opinion, making the IJ's decision the final agency determination. Flores-Aradillas now seeks review in this court.

Because Flores-Aradillas is removable based on his drug conviction, *see* 8 U.S.C. § 1227(a)(2)(B)(I), our jurisdiction to review the final order of removal is limited. *See* 8 U.S.C. § 1252(a)(2)(C); *Rosales-Pineda v. Gonzales*, 452 F.3d 627, 629 (7th Cir. 2006). We may consider only constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D); *Hernandez-Alvarez v. Gonzales*, 432 F.3d 763, 765 (7th Cir. 2005).

Flores-Aradillas presents two constitutional arguments. First, he argues that he was denied due process "when the Immigration Judge refused to accept the Petitioner's application for cancellation." The short answer is that Flores-Aradillas misrepresents the record: the IJ *did* accept his application for cancellation of removal and denied that application on the merits. Specifically, the IJ held that Flores-Aradillas did not qualify for cancellation of removal because he had been convicted of an offense listed in 8 U.S.C. § 1227(a)(2) and because his drug conviction also prevented him from establishing his good moral character. *See* 8 U.S.C. § 1229b(b)(1); *Gill v. Ashcroft*, 335 F.3d 574, 575 (7th Cir. 2003).

It may be that Flores-Aradillas really means to argue that the IJ *in effect* refused to accept his application for cancellation of removal by not giving him more time to gather support for it. Flores-Aradillas suggests that the associate who stood in for his lawyer on November 15 was blindsided and unprepared because, he insists, the IJ never previously warned counsel that he should be prepared to present argument on

cancellation of removal at that time. And because counsel lacked sufficient notice, Flores-Aradillas continues, he was denied a "proper opportunity to argue his eligibility for relief violating his opportunity for a fair removal hearing." But here again Flores-Aradillas misrepresents the record. The IJ had warned counsel that Flores-Aradillas bore the burden of showing he was statutorily eligible for relief, and had scheduled the November 15 hearing specifically to address whether his drug conviction might preclude discretionary relief altogether. Thus counsel should not have sent his associate unprepared to address the conviction and its effect on Flores-Aradillas's eligibility for cancellation of removal. More importantly, Flores-Aradillas does not say what more time would have accomplished; in this court he does not even assert that the IJ was wrong to conclude that he has a disqualifying drug conviction, *see* 8 U.S.C. § 1227(a)(2)(B)(i), so he cannot seriously contend that the IJ's handling of the matter denied him due process. *See Rehman v. Gonzales*, 441 F.3d 506, 509 (7th Cir. 2006) (rejecting due process claim where record did not show that outcome would change if IJ had given alien more time to submit evidence); *Ambati v. Reno*, 233 F.3d 1054, 1061-62 (7th Cir. 2000) (holding that IJ's denial of continuance did not violate alien's right to due process where there was no evidence that more time would have altered outcome).

In any event, even if Flores-Aradillas had a colorable argument that the IJ kept him from applying for cancellation of removal, we lack jurisdiction to entertain the argument because he did not exhaust his administrative remedies. *See* 8 U.S.C. § 1252(d)(1); *Pjetri v. Gonzales*, 468 F.3d 478, 481 (7th Cir. 2006); *Hadyat v. Gonzales*, 458 F.3d 659, 665 (7th Cir. 2006). Flores-Aradillas neglected to make a due process argument before the BIA, instead choosing to attack the IJ's conclusion that his ecstasy conviction barred him from cancellation of removal. We have observed that the only exception to the rule that petitioners must first present claims to the BIA is the case in which the BIA cannot adequately resolve the issue, for instance when the petitioner makes a "fundamental constitutional claim." *Pjetri*, 468 F.3d at 481; *Feto v. Gonzales*, 433 F.3d 907, 912 (7th Cir. 2006). Flores-Aradillas makes a constitutional claim, but it does not fall within the scope of this exception because where "a due process argument is based on procedural failings that the BIA is capable of addressing, the petitioner must exhaust his or her remedies at the BIA before bringing a claim in this court." *Pjetri*, 468 F.3d at 481. The alleged due process violation identified by Flores-Aradillas is precisely the type of procedural failing that the BIA is well-equipped to address—the BIA could have simply remanded the case to the IJ with instructions to hold another hearing, for instance. *See Sharashidze v. Gonzales*, 480 F.3d 566, 569-70 (7th Cir. 2007); *Pjetri*, 468 F.3d at 481. Flores-Aradillas did not exhaust this due process claim, which means that we cannot review it. *See* 8 U.S.C. § 1252(d)(1).

The same holds true for Flores-Aradillas's second argument, that as a matter of due process the IJ was required to inform him that he might be eligible for voluntary departure. It is doubtful that this argument could succeed on the merits: the IJ stated without objection from counsel that Flores-Aradillas had not requested and was not eligible for any other form of relief, and that comment was probably sufficient to meet the IJ's notification responsibilities under 8 C.F.R. § 1240.11(a)(2). *See Pede v. Gonzales*, 442 F.3d 570, 571 (7th Cir. 2006) (holding that where IJ made preliminary finding that alien was not eligible for voluntary departure and attorney did not object, any error in failing to notify alien of possible relief was harmless). Regardless, we have specifically held that a petitioner cannot bypass the BIA and come directly to this court with a claim that an IJ's failure to notify him about voluntary departure denied him due process. *See Pjetri*, 468 F.3d at 481. Accordingly, Flores-Aradillas failed to exhaust his administrative remedies concerning this claim as well, and we lack jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1).

Because we have jurisdiction to hear only constitutional claims and questions of law, and because Flores-Aradillas failed to exhaust his constitutional claims before the BIA, we DISMISS his petition for lack of jurisdiction.