**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 5, 2008
Decided May 9, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-1694

| | |
|---|---|
| JORGE BARRAGAN-MORA, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A90-903-402 |
| MICHAEL B. MUKASEY, Attorney General of the United States, *Respondent*. | |

**O R D E R**

Jorge Barragan-Mora, a citizen of Mexico, entered the United States illegally in 1971. He became a lawful permanent resident in 1987 and has lived in this country ever since. In 2006 the Department of Homeland Security began removal proceedings against Barragan-Mora based on two Illinois felony convictions. An immigration judge ("IJ") ordered Barragan-Mora removed to Mexico, and the Board of Immigration Appeals ("BIA") affirmed the IJ's decision. Barragan-Mora petitions for review, arguing that the IJ should have granted him a continuance to pursue adjustment of status, that the BIA erred in concluding that his drug conviction was an aggravated felony, and that the BIA erroneously

found that he was ineligible for a waiver of removal. We dismiss the petition as to Barragan-Mora's first two arguments for lack of jurisdiction and reject his third argument.


After Barragan-Mora entered the United States from Mexico illegally as a child in 1971, he became a lawful permanent resident in 1987 under the general amnesty offered by the Immigration Reform and Control Act of 1986. In December 1996 he was convicted in an Illinois court of trafficking phencyclidine ("PCP"). Two years later, he was again convicted of an Illinois crime, this time for unlawfully possessing a weapon as a felon.

In August 2006 the Department of Homeland Security notified him that he was removable because his drug and weapon convictions were both "aggravated felonies" and his drug conviction was for a "controlled substance" violation. At the initial hearing before an immigration judge, Barragan-Mora conceded removability based on his weapon conviction but not for his drug conviction because, he argued, it was neither an aggravated felony nor a controlled-substance violation. The IJ granted the government time to present evidence establishing whether Barragan-Mora's drug conviction fell within the scope of the federal Controlled Substance Act and gave Barragan-Mora the opportunity to present any applications for relief from removal.

At the final hearing on November 21, 2006, Barragan-Mora requested both cancellation of removal and a waiver under former section 212(c) of the Immigration and Nationality Act ("INA"), which permits permanent resident aliens to request relief from removal under certain circumstances. Alternatively, he requested that the IJ grant a continuance so he could pursue adjustment of status based on his impending marriage. The IJ found him removable because his weapon conviction was an aggravated felony and a firearm offense, *see* 8 U.S.C. § 1227(a)(2)(A)(iii), (a)(2)(C); 8 U.S.C. § 1101(a)(43)(E), and because his PCP conviction constituted a controlled-substance offense, *see* 8 U.S.C. § 1227(a)(2)(B)(i). The IJ denied Barragan-Mora's applications for relief from removal because he had been convicted of an aggravated felony—the weapon conviction. The IJ also denied Barragan-Mora's request for a continuance, holding that he was not prima facie eligible to adjust his status because he was not yet married.

While Barragan-Mora's appeal of the IJ's decision to the BIA was pending, he married his long-time girlfriend, a United States citizen, on November 28, 2006. The BIA dismissed Barragan-Mora's appeal on March 20, 2007, focusing solely on the immigration consequences of the PCP conviction. It ruled that his PCP conviction related to a controlled substance because PCP fell within the scope of the Controlled Substances Act, *see* 21 U.S.C. § 812(c), Schedule III(b)(7). The BIA also concluded that removal for his PCP conviction could not be waived under section 212(c) because the amendments to that section in the

Antiterrorism and Effective Death Penalty Act prohibited aliens removable for aggravated felonies (such as the PCP conviction) from receiving section 212(c) waivers. And the BIA declined to remand the case to the IJ to allow Barragan-Mora to adjust his status because even if Barragan-Mora had married and documented it, his ineligibility for a section 212(c) waiver also made him ineligible to adjust his status. Barragan-Mora sought review of the BIA's decision in this court on March 28, 2007.

Barragan-Mora also filed a motion to reopen proceedings before the BIA, again requesting time to adjust his status and this time providing documentation of his marriage as well as his wife's I-130 petition on his behalf. He also argued that based on a recent Supreme Court decision, *Lopez v. Gonzales*, 549 U.S. 47 (2006), his PCP conviction was not an aggravated felony and therefore he was eligible for cancellation of removal. The BIA ruled that regardless of his marriage, he did not merit discretionary adjustment of status because admissibility to the U.S. was a prerequisite for that relief and his criminal convictions made him inadmissible. The BIA also disagreed with Barragan-Mora's interpretation of *Lopez*, but observed that aside from *Lopez*, he remained ineligible for cancellation of removal because his weapon conviction was also an aggravated felony. The BIA therefore declined to reopen Barragan-Mora's case and ordered him removed to Mexico. Barragan-Mora has not separately petitioned for review of the BIA's denial of his motion to reopen.

Because the BIA found Barragan-Mora removable based on his aggravated felonies, our jurisdiction to review the final order of removal is limited. *See* 8 U.S.C. § 1252(a)(2)(C); *Rosales-Pineda v. Gonzales*, 452 F.3d 627, 629 (7th Cir. 2006). We may consider only constitutional claims and questions of law, which we review de novo. *See* 8 U.S.C. § 1252(a)(2)(D); *Hernandez-Alvarez v. Gonzales*, 432 F.3d 763, 765 (7th Cir. 2005).

Barragan-Mora makes three arguments on appeal, but we have jurisdiction over only one of them. First, he argues that the IJ's denial of his request for a continuance to seek an adjustment of status violated his right to due process. We have repeatedly held that 8 U.S.C. § 1252(a)(2)(B)(ii) generally precludes judicial review of continuance decisions where the BIA has reached the merits of the status-adjustment question. *Wood v. Mukasey*, 516 F.3d 564, 568 (7th Cir. 2008); *Ali v. Gonzales*, 502 F.3d 659, 664 (7th Cir. 2007). Although there is a limited exception to that general rule when the BIA or IJ provides no reason for denying a continuance, *see Subhan v. Ashcroft*, 383 F.3d 591, 595 (7th Cir. 2004), here the BIA reasoned that Barragan-Mora's controlled-substance conviction made him statutorily ineligible for adjustment relief even if he was validly married. *See* 8 U.S.C. §§ 1255(a), 1182(a)(2)(A)(i)(II). Thus, we lack jurisdiction to entertain this issue. *See* 8 U.S.C. § 1252(a)(2)(B)(ii); *see also Wood*, 516 F.3d at 568 (rejecting alien's challenge to IJ's denial of continuance where BIA had ruled that she was ineligible for adjustment of status even if continuance had been granted); *Ali*, 502 F.3d at 665 (citing *Pede v. Gonzales*, 442 F.3d 570, 571

(7th Cir. 2006)) (observing that "ultimate hopelessness" of application for adjustment of status was acceptable reason for denying continuance). Furthermore, his effort to cast the IJ's discretionary denial of a continuance as a due-process violation cannot circumvent this jurisdictional bar. *See Zamora-Mallari v. Mukasey*, 514 F.3d 679, 696 (2008) (rejecting on jurisdictional grounds alien's request for discretionary relief, despite its characterization in due-process terms).

Barragan-Mora also challenges the BIA's ruling, in its denial of his motion to reopen, that his PCP conviction was an "aggravated felony" precluding cancellation of removal. But, as he concedes, the BIA did not evaluate this issue in its initial decision—the only one that he has appealed. Because Barragan-Mora failed to file a separate petition for review from the BIA's denial of his motion to reopen, we lack jurisdiction over any arguments challenging that decision. *See Youkhana v. Gonzales*, 460 F.3d 927, 933-34 (7th Cir. 2006). Moreover, even if he had filed a second petition, any potential error in the BIA's characterization of his PCP conviction is harmless since, as the BIA ruled when denying the motion to reopen, his weapon conviction was also an aggravated felony that precludes cancellation of removal. *See* 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1229b(a); *see also Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (holding that error was harmless where it did not affect denial of motion for reconsideration); *Menghistu v. Ashcroft*, 355 F.3d 1044, 1047 (7th Cir. 2004). Barragan-Mora does not dispute the correctness of that ruling.

Barragan-Mora does raise one legal issue for appellate review in this court: he challenges the BIA's ruling that his PCP conviction, as an aggravated felony, leaves him ineligible for a waiver of removal under former section 212(c) of the INA. Section 212(c) originally granted the Attorney General discretion to waive removal for certain permanent resident aliens who committed aggravated felonies. But Congress amended it in April 1996 (several months before Barragan-Mora's PCP conviction) to remove its availability to aggravated felons, and one year later (after his conviction) made its complete repeal effective. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, § 440(d), 110 Stat. 1214, 1277 (1996); Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub. L. No. 104-208, § 304(b), 110 Stat. 3009 (1996).

The question Barragan-Mora raises is whether the BIA correctly ruled that the April 1996 amendments, which preceded his PCP conviction, apply to him. *See INS v. St. Cyr*, 533 U.S. 289, 326 (2001) (generally applying revisions to section 212(c) to convictions that followed the revisions); *Zamora-Mallari*, 514 F.3d at 683-84 (summarizing history of section 212(c)); 8 C.F.R. § 1212.3(g)(2). Barragan-Mora appears to argue that because the April 1996 legislation amending section 212(c) refers only to proceedings under INA § 241, and his removal case is proceeding under INA § 237, he remains eligible for original section 212(c) relief. But, as Barragan-Mora notes, that legislation recodified former

section 241 at new section 237.  *See* 8 U.S.C. § 1227.  And Congress specifically anticipated Barragan-Mora's argument when it clarified that proceedings under former INA § 241 are now deemed removal proceedings under the new section 237.   IIRIRA, Pub. L. No. 104-208, § 308(g)(1), 110 Stat. 3009; *see also Zamora-Mallari*, 514 F.3d at 683 (noting change in statute and analyzing section 212(c) relief for aliens removed under section 237, 8 U.S.C. § 1227).  Therefore the amended version of section 212(c) applies to Barragan-Mora, and the BIA correctly determined that his PCP conviction barred him from seeking amended section 212(c) relief.

DISMISSED.