**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1571

EUNICE OSHODI, a/k/a Eunice Stanback,

             Petitioner,

        v.

MICHAEL B. MUKASEY,

             Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  January 7, 2009        Decided:  January 28, 2009

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Mary Ann Berlin, Baltimore, Maryland, for Petitioner. Gregory G. Katsas, Assistant Attorney General, Carol Federighi, Senior Litigation Counsel, Kristin K. Edison, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eunice Oshodi, a native and citizen of Nigeria, petitions for review of the decision of the Board of Immigration Appeals ("Board") affirming the immigration judge's ("IJ") finding that Oshodi, a legal permanent resident of the United States, is removable for having been convicted of a controlled substance offense. 8 U.S.C. § 1227(a)(2)(B)(i) (2006).

Under 8 U.S.C. § 1252(a)(2)(C) (2006), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2006), to review the final order of removal of an alien convicted of certain enumerated crimes, including offenses covered in 8 U.S.C. § 1227(a)(2)(B) (2006). Because Oshodi was found removable for having been convicted of a controlled substance offense as defined in 8 U.S.C. § 1227(a)(2)(B), under § 1252(a)(2)(C), we have jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Oshodi] [i]s an alien and whether she has been convicted of [a controlled substance offense]." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002); see Lewis v. INS, 194 F.3d 539, 542-43 (4th Cir. 1999) (same). If the predicate conditions are found, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we may reach only "constitutional claims or questions of law." See Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

Because we find that Oshodi is indeed an alien who has been convicted of a controlled substance offense, § 1252(a)(2)(C) divests us of jurisdiction over the petition for review, except to the extent that Oshodi raises a constitutional issue or question of law. The sole issue Oshodi raises in her petition for review is whether the Attorney General submitted clear and convincing evidence to demonstrate she was convicted of a controlled substance offense. This is a pure question of law, and is thus reviewable. Rosales-Pineda v. Gonzales, 452 F.3d 627, 630 (7th Cir. 2006).

Our review of the record leads us to conclude the Attorney General's evidence of Oshodi's conviction was both admissible and clear and convincing. See 8 U.S.C. § 1229a(c)(3)(B)(vi) (2006); 8 C.F.R. § 1003.41(d) (2008). Thus, we find the Board's affirmance of the IJ's order of removal was supported by substantial evidence. Anim v. Mukasey, 535 F.3d 243, 252 (4th Cir. 2008). Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

3