**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-2002**

EPIFANIO MEDRANO-NUNEZ,

> Petitioner,

> v.

ERIC H. HOLDER, JR., Attorney General,

> Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  June 26, 2009              Decided:  July 16, 2009

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner.  Michael F. Hertz, Acting Assistant Attorney General, William C. Peachey, Assistant Director, Eric W. Marsteller, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Epifanio Medrano-Nunez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his request for a waiver of inadmissibility pursuant to § 212(c) of the Immigration and Nationality Act. The Board's order also denied Medrano-Nunez's application for cancellation of removal as a matter of discretion.[*]

Because Medrano-Nunez's applications for a § 212(c) waiver and for cancellation of removal were both denied as a matter of discretion, we lack jurisdiction over the petition for review except to the extent that Medrano-Nunez asserts questions of law or constitutional claims that fall within the exception set forth in 8 U.S.C. § 1252(a)(2)(D) (2006). See 8 U.S.C. § 1252(a)(2)(B)(i), (ii) (2006) (removing jurisdiction over certain types of discretionary denials of relief); Higuit v. Gonzales, 433 F.3d 417, 419 (4th Cir. 2006) ("[T]he REAL ID Act confers upon courts of appeal a narrowly circumscribed

---

[*] The Board's order found that the immigration judge erred in finding that Medrano-Nunez was statutorily ineligible for cancellation of removal. The Board found the error to be harmless, however, based on its finding that Medrano-Nunez did not merit cancellation of removal as a matter of discretion.

jurisdiction to resolve constitutional claims or questions of law raised by aliens seeking discretionary relief.").

Medrano-Nunez first argues that the Board, in violation of his rights to due process and fundamental fairness, erred in failing to reverse the immigration judge's denial of his application for cancellation of removal and remand for further proceedings. Medrano-Nunez cannot state a colorable due process violation, however, because he has no property or liberty interest in his request for cancellation of removal. See Dekoladenu v. Gonzales, 459 F.3d 500, 508 (4th Cir. 2006) ("No property or liberty interest can exist when the relief sought is discretionary.").

Additionally, Medrano-Nunez argues that the Board erred in considering a prior conviction for possession of marijuana when weighing the negative and positive factors in his case. He argues that he was never actually convicted of the drug offense, but received a sentence of community supervision without any adjudication of guilt. Our review of the record, however, reveals that Medrano-Nunez was convicted of possession of marijuana for immigration purposes. See 8 U.S.C. § 1101(a)(48)(A) (2006) (defining conviction for immigration purposes); see Yanez-Popp v. INS, 998 F.2d 231 (4th Cir. 1993) (holding Maryland court's granting of "probation without

judgment" constituted a conviction within the meaning of the immigration laws).

Finally, Medrano-Nunez contends that the Board erred in concluding that he was convicted of alien smuggling. He points out that his 1993 conviction record was destroyed in a flood at the U.S. Courthouse in Texas. Medrano-Nunez maintains that there is therefore no proof that he has been convicted of smuggling and that it "violates . . . notions of fundamental fairness and Due Process for the Board to prejudice [him] by concluding that he was indeed convicted of alien smuggling."

We again note that Medrano-Nunez cannot state a colorable due process violation. See Dekoladenu, 459 F.3d at 508. Moreover, Medrano-Nunez admitted before the immigration judge that he had been convicted of smuggling, and the record contains numerous documents confirming the conviction, including the criminal complaint, a docket-type entry indicating the disposition and date of judgment, and an INS investigative report. Although Medrano-Nunez maintains that the Department of Homeland Security had to present proof of his conviction pursuant to 8 U.S.C. § 1229a(c)(3)(B) (2006), we find that these documents "reasonably indicate[d] the existence of a criminal conviction." 8 C.F.R. § 1003.41(d) (2009); Rosales-Pineda v. Gonzales, 452 F.3d 627, 630-31 (7th Cir. 2006) (holding that 8 C.F.R. § 1003.41(d), the implementing regulation to 8 U.S.C.

4

§ 1229a(c)(3)(B), greatly expanded the range of documents that may be used as proof of a conviction and finding no legal error in Board's decision to rely on rap sheet as proof of a drug conviction).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED