**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-60616
Summary Calendar

MOHAMMAD SHARIF,

Petitioner,

versus

ERIC H. HOLDER, JR., U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A79 557 075

Before DAVIS, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Mohammad Sharif, a native and citizen of Bangladesh, petitions for review of a Final Administrative Removal Order issued by the Department of Homeland Security ("DHS") pursuant to the expedited removal proceedings in 8 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1228(b). Sharif was ordered to be removed based on his 2006 conviction in Texas state court of soliciting a minor/aggravated sexual assault of a child under the age of fourteen, which DHS determined to be an aggravated felon conviction for purposes of 8 U.S.C. § 1227(a)(2)(A)(iii). Sharif argues that § 1228(b) is not applicable to him and that his Texas conviction does not qualify as an aggravated felony conviction.

Although this court lacks jurisdiction to review the final order of removal, *see* 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to review constitutional claims or questions of law. § 1252(a)(2)(D). We review legal questions, such as whether Sharif's conviction constitutes an aggravated felony, and constitutional claims *de novo*. *See Larin-Ulloa v. Gonzales*, 462 F.3d 456, 461 n.7 (5th Cir. 2006); *De-Zavala v. Ashcroft*, 385 F.3d 879, 883 (5th Cir. 2004).

Sharif's first argument is that an alien in § 1228(b) proceedings must be in a state or federal facility before commencement of those proceedings. Sharif has waived that argument by failing to brief it adequately. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9).

Sharif next contends that § 1228(b) applies only to aliens who are not legal permanent residents ("LPR's") and aliens who are conditional LPR's. Because his status as a conditional LPR was revoked before the removal proceedings, Sharif asserts that § 1228(b) is not applicable to him as a conditional LPR. Because, however, § 1228(b) is nonetheless applicable to Sharif as a Non-LPR, his argument lacks merit. *See* § 1228(b)(2)(A). Moreover, as to Sharif's claim that § 1228(b)'s distinction between LPR's and conditional LPR's violates his equal protection rights, he lacks standing because, as he asserts, § 1228(b) is not applicable to him as a conditional LPR. Even if he had standing, his argument fails to state a valid equal protection claim. *See Stefanoff v. Hays County*, 154 F.3d 523, 525-25 (5th Cir. 1998).

In determining whether Sharif's offense is an aggravated felony, we apply a categorical approach, referring only to the statutory definition of the crime

rather than examining the underlying facts of the offense. *Larin-Ulloa*, 462 F.3d at 463. Because, however, the statute of conviction defines multiple offenses, "at least one of which does not describe an aggravated felony," we apply a modified categorical approach and may examine additional documents to determine whether the conviction was "necessarily for a particular crime defined by the statute that meets the aggravated felony criterion." *Id.* at 464 (internal quotation marks and citation omitted). At issue is whether Sharif's Texas offense constituted "sexual abuse of a minor" or attempted "sexual abuse of a minor" for purposes of 8 U.S.C. § 1101(a)(43)(A), (U).

Sharif asserts that *Lopez v. Gonzales*, 549 U.S. 47 (2006), requires a state statute to have a federal counterpart to qualify as an aggravated felony offense. His argument is not supported by *Lopez*. *See Lopez*, 549 U.S. at 57. Moreover, *Lopez* is distinguishable from the instant case, because *Lopez* involved a different portion of the definition of "aggravated felony" than does the portion at issue in this case.

Examination of the charging document shows that Sharif was convicted under TEX. PENAL CODE § 15.031 of "Criminal Solicitation of a Minor" with intent to commit "Aggravated Sexual Assault" under TEX. PENAL CODE § 22.021. Pursuant to the definition of "sexual abuse of a minor" in *United States v. Zavala-Sustaita*, 214 F.3d 601, 604 (5th Cir. 2000), Sharif's Texas offense is an aggravated felony conviction, thereby rendering him removable as charged. *See Hernandez-Alvarez v. Gonzales*, 432 F.3d 763, 766 (7th Cir. 2005). Moreover, to the extent that Sharif argues that his Texas offense could not constitute "sexual abuse of a minor" because the "minor" involved was actually an adult, that argument lacks merit. *See id.* at 766-67; *United States v. Farner*, 251 F.3d 510, 511-12 (5th Cir. 2001).

Accordingly, the petition for review is DENIED.