NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 10, 2009[*]
Decided December 11, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-1897

| | |
|---|---|
| AIKINS FRIMPONG, | Petition for Review of an Order of the |
| *Petitioner,* | Board of Immigration Appeals. |
| | |
| *v.* | A 092 733 625 |
| | |
| ERIC H. HOLDER, JR., | |
| Attorney General of the United States | |
| *Respondent.* | |

**O R D E R**

Aikins Frimpong, a citizen of Ghana, entered the United States in 1976 and remained without permission past the expiration of his six-month tourist visa. Frimpong once was eligible for a path to citizenship through the Immigration Reform and Control Act—his status was adjusted to temporary legal resident through that program in 1989—but he fell off track by failing to submit the paperwork necessary to become a lawful permanent resident. *See* 8 U.S.C. § 1255a. In 1996 Frimpong was convicted by an Iowa court of second-degree robbery, IOWA CODE §§ 711.1, 711.3, and possession of crack, *id.* § 124.401, and over

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the petition for review is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

the following decade he accumulated two more state convictions for possessing crack and a federal conviction for his role in a crack-distribution conspiracy, 21 U.S.C. §§ 846, 841(b)(1)(A). The government initiated removal proceedings in 2008 by filing a notice to appear alleging that Frimpong was removable on the basis of both his unlawful presence, 8 U.S.C. § 1227(a)(1)(B), and his criminal convictions, *id.* § 1227(a)(2)(A)(iii), (B)(I).

At a hearing before an immigration judge, Frimpong admitted that he was removable as charged but insisted that a federal prosecutor had promised him relief from removal in exchange for his assistance in the case against his coconspirators. Frimpong, however, did not produce any evidence of the alleged agreement and pointed only to a line in the probation officer's presentence investigation report noting that the Bureau of Immigration and Customs Enforcement had "indicated they [would] not file a detainer" against Frimpong. After concluding that the notation was irrelevant to Frimpong's removal proceedings, the immigration judge found him removable on the basis of his unlawful presence and criminal convictions and ordered him removed to Ghana. The Board of Immigration Appeals approved that decision, noting that under 28 C.F.R. § 0.197 (a regulation in effect since 1996, long before Frimpong allegedly was assured he would not be removed), a prosecutor's promise of immigration relief is not binding on the Department of Homeland Security without prior written authorization from the agency. *See also* United States Attorneys' Manual § 9-73.510 (Sept. 1997) ("[T]he United States Attorney should not, as part of a plea agreement or an agreement to testify, or for any other reason, promise an alien that he/she will not be deported, without prior authorization from the INS District Director."). And, as the Board noted, Frimpong had not presented evidence of such authorization.

In his pro se petition for review, Frimpong insists again that he should not be removed from the country because a federal prosecutor promised him immigration relief in exchange for his assistance. But we lack jurisdiction to review a final order of removal against an alien who, like Frimpong, was ordered removed on the basis of an aggravated-felony or controlled-substance conviction, unless the petition raises a constitutional or legal question. *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Zamora-Mallari v. Mukasey*, 514 F.3d 679, 693-94 (7th Cir. 2008); *Rosales-Pineda v. Gonzales*, 452 F.3d 627, 629-30 (7th Cir. 2006). A legal question arises when the agency has misinterpreted a statute, regulation, or constitutional provision, misread its own precedent, applied the wrong legal standard, or failed to exercise its discretion. *Adebowale v. Mukasey*, 546 F.3d 893, 896 (7th Cir. 2008). The question whether Frimpong entered into a cooperation agreement binding on the immigration authorities is one of fact that is beyond our review.

DISMISSED.