In the

# United States Court of Appeals

### For the Seventh Circuit

No. 19-2375

HAIYAN CHEN,

*Petitioner*,

*v.*

WILLIAM P. BARR, Attorney General of the United States,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A089-283-398.

ARGUED MARCH 3, 2020 — DECIDED MAY 29, 2020

Before EASTERBROOK, KANNE, and ST. EVE, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Haiyan Chen, a citizen of China, entered the United States without inspection (that is, by stealth) in 2004. She was detected in 2010, and immigration officials opened removal proceedings. The charging document is called a "Notice to Appear," and a form with that caption was dated April 27, 2010. The form did not meet the statutory requirements for a Notice to Appear, however, because it omitted the time and place for a hearing. See 8

U.S.C. §1229(a)(1)(G)(i); *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). Immigration officials sent Chen a separate document, dated July 29, 2010, with that information. Chen appeared as ordered, and many other hearings followed. She asked for asylum, which an immigration judge denied on the ground that 8 U.S.C. §1158(a)(2)(B) gives aliens only one year after entering the United States to request that relief. The Board of Immigration Appeals dismissed her appeal on March 28, 2017, and we denied a petition for review. *Chen v. Sessions*, No. 17-1797 (7th Cir. Jan. 4, 2018) (nonprecedential).

In September 2018 Chen filed a motion asking the Board to reopen her case so that she could seek cancellation of removal, a remedy available to some aliens who have lived in the United States for a decade. She recognized that the motion was untimely—a statute allows only 90 days after the Board's original decision, see 8 U.S.C. §1229a(c)(7)(C)(i)—but asked for the benefit of equitable tolling. She also recognized that she had not sought cancellation of removal during the original proceedings, even though they continued past the tenth anniversary of her arrival. She contended that, until the Supreme Court issued *Pereira* in June 2018, neither she nor her lawyers recognized that she might be eligible for that relief. *Pereira* opened their eyes, and Chen contended that she should receive its benefit.

The potential bearing of *Pereira* is this: although an alien accumulates years of physical presence starting from the date of entry, two events stop the accumulation of time. 8 U.S.C. §1229b(d)(1). Commission of a crime that renders an alien inadmissible is one, and service of a Notice to Appear under §1229(a) is the other. Chen and her lawyer assumed that the document she received in April 2010 stopped the ac-

crual of time, but Chen's motion to reopen argued that *Pereira* holds otherwise and that the time continued to run—indeed, that it is still running, because §1229b(d)(1) does not make entry of a final removal order a stop-time event.

The Board assumed without deciding that Chen is entitled to equitable tolling of the 90-day limit to seek reopening. It denied the motion on the merits, however. A recent decision, *Matter of Mendoza-Hernandez*, 27 I.&N. Dec. 520 (BIA 2019) (en banc), holds that the required components of a Notice to Appear need not be in a single document. As long as multiple documents collectively provide the information required by statute, they may be treated as a Notice to Appear, effective on the date of the document that supplied the last required piece of information. *Mendoza-Hernandez* understood *Pereira* to hold that multiple notices cannot be combined with the effective date of the *first* document, but not to address what happens once all information has been provided. *Mendoza-Hernandez* held that the time stops once the alien has all of the information required by statute.

Two courts of appeals have agreed with *Mendoza-Hernandez*. See *Garcia-Romo v. Barr*, 940 F.3d 192 (6th Cir. 2019); *Yanez-Pena v. Barr*, 952 F.3d 239 (5th Cir. 2020). Two have disagreed. See *Guadalupe v. Attorney General*, 951 F.3d 161 (3d Cir. 2020); *Banuelos-Galviz v. Barr*, 953 F.3d 1176 (10th Cir. 2020). Another initially rejected *Mendoza-Hernandez*, see *Lopez v. Barr*, 925 F.3d 396 (9th Cir. 2019), but vacated that decision and set the matter for hearing en banc. 948 F.3d 989 (9th Cir. 2020). Chen wants us to side with *Guadalupe* and *Banuelos-Galviz* and to disapprove *Garcia-Romo*, *Yanez-Pena*, and *Mendoza-Hernandez*.

The parties have engaged in many subsidiary debates, such as whether *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), applies to the Board's interpretation of sections 1229(a) and 1229b(d)(1)(A). See *INS v. Aguirre-Aguirre*, 526 U.S. 415 (1999) (holding that *Chevron* applies to many of the Board's decisions interpreting statutes governing immigration issues). There is a debate about the singular versus the plural: Chen observes that §1229(a) speaks of "a" notice, while the Attorney General points to the Dictionary Act, 1 U.S.C. §1, under which the singular and plural are equivalent unless the context requires otherwise. See also *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194 (1993) (only the linguistic context matters for this purpose). We conclude, however, that it is not necessary to address these subjects or decide whether we agree with *Mendoza-Hernandez* on the merits. There is an antecedent procedural obstacle.

*Pereira* addressed a proceeding in which the alien had requested cancellation of removal as part of the initial proceeding. Pereira did not receive an effective notice with a date for a hearing until after he had been in the United States for 13 years. (An earlier notice, sent to the wrong address, did not count.) As soon as he received effective notice of a hearing, Pereira sought cancellation of removal. That is what led the Court to ask whether a document with the caption "Notice to Appear," but lacking a time and place for a hearing, satisfies the statute. The Justices concluded that all of the statutorily required information is essential, and Pereira won because (a) he did not get that information until after he had been in the United States for more than 10 years, and (b) he requested cancellation of removal at the first opportunity.

Chen did not do that. She was in removal proceedings well past her tenth anniversary of arrival but did not seek cancellation of removal until after we denied her petition for review. Although *Pereira* raised in 2013 the argument that prevailed before the Supreme Court in 2018, Chen did not ask for relief until after *Pereira* had been decided.

She is not alone. After *Pereira* this circuit was inundated by requests to apply that decision to closed immigration cases, on the ground that a defective charging document deprives the agency of jurisdiction to order an alien's removal. We addressed that argument in *Ortiz-Santiago v. Barr*, 924 F.3d 956 (7th Cir. 2019), holding:

> The requirement that a Notice include, within its four corners, the time, date, and place of the removal proceeding is not "jurisdictional" in nature. It is instead the agency's version of a claim-processing rule, violations of which can be forfeited if an objection is not raised in a timely manner.

*Id*. at 958. Ortiz-Santiago entered without inspection in 1999 and, after removal proceedings began in 2015, sought cancellation of removal. But although by 2015 Pereira had been making his argument for two years, Ortiz-Santiago did not contest the sufficiency of the document captioned Notice to Appear. An Immigration Judge, and the Board, concluded that Ortiz-Santiago had not established the degree of hardship that could support relief under §1229b. (He had been in the United States for more than a decade before removal proceedings began, so the Notice to Appear did not matter for stop-time purposes.) Only after *Pereira* had been decided did Ortiz-Santiago assert that his proceedings had been invalid from the outset. That was too late, we held. A problem in the charging document could and should have been pointed

out promptly, so that any error could be fixed. *Ortiz-Santiago* wrapped up:

> Relief will be available for those who make timely objections, as well as those whose timing is excusable and who can show prejudice.

924 F.3d at 965. We denied the petition for review, without a remand, because the defect "was a failure to follow a claim-processing rule". *Id*. at 966.

This brings us to Chen. Ortiz-Santiago at least sought cancellation of removal in the original removal proceeding, though he failed to make the sort of argument that carried the day in *Pereira*. Chen neither made a *Pereira*-like argument nor sought cancellation of removal. Given the conclusion in *Ortiz-Santiago* that a defect in the charging document is not a jurisdictional defect, we ask (as *Ortiz-Santiago* itself did) whether Chen made a timely objection or can show excusable delay and prejudice.

The answer to all three is "no." Chen did not object to the charging documents for years, until after *Pereira* had been decided. (In this respect Chen and Ortiz-Santiago are alike.) She does not have a good excuse for delay. True enough, *Dababneh v. Gonzales*, 471 F.3d 806, 809–10 (7th Cir. 2006), held that a "Notice to Appear" is valid if a date is provided later, but *Bousley v. United States*, 523 U.S. 614, 622–23 (1998), holds that adverse precedent in a local court of appeals does not excuse omitting a legal argument, unless it is one a knowledgeable lawyer could not have imagined. See also *United States v. Manriquez-Alvarado*, 953 F.3d 511, 513–14 (7th Cir. 2020) (holding that this principle applies to *Pereira* and §1229(a)).

Chen cannot show prejudice either. She does not contend that she lacked actual knowledge of the time and place for the hearing. She not only received notice but also appeared (with counsel) in Chicago at 9 a.m. on December 14, 2011, as scheduled. If Chen had objected before or at that hearing to the deficiency in the Notice, the agency could have cured that problem on the spot, and the hearing would have continued. (That was true in *Manriquez-Alvarado* too.) Chen has never argued that she was prejudiced by the delivery of the statutory information in two documents rather than one. (A cure in December 2011 would have stopped time before Chen reached 10 years' presence.)

Although *Ortiz-Santiago* thus appears to spell doom for Chen's position, we asked at oral argument whether the principle of *SEC v. Chenery Corp.*, 318 U.S. 80, 87–88 (1943), blocks us from deciding on a ground that the Board did not mention. We invited and have received supplemental briefs on that subject. We now make explicit what the panel in *Ortiz-Santiago* assumed: failure to raise an issue properly before an agency is not the sort of matter that an agency must consider. Judges must permit agencies to address and resolve those issues that may make judicial review inappropriate or unnecessary. But when failure to present an issue to an agency furnishes a good reason to deny a petition for judicial review, a *Chenery*-style remand is unnecessary.

Exhaustion of administrative remedies provides an example. Exhaustion is a condition of judicial review in immigration cases, 8 U.S.C. §1252(d)(1), but not a subject within the scope of *Chenery*. When an alien fails to raise an issue on time, in the right way, or at all, before the Immigration Judge and the Board of Immigration Appeals, the court denies the

petition for review under §1252(d)(1) without sending the proceeding back to ask the Board what it thinks about the subject. A procedural forfeiture is an adequate reason to end the process of judicial review. That's what has occurred here: Chen took far too long to contest the adequacy of the charging document, just as Ortiz-Santiago did. If Chen had advanced a plausible argument that she suffered prejudice, we would remand for the Board to consider that possibility. But, as we have mentioned, Chen attended every scheduled hearing and does not explain how the use of two documents rather than one prejudiced her. It is the agency that potentially suffers prejudice from Chen's delay: the problem could have been fixed in 2010 or 2011 or 2012 or 2013, before Chen had been in the United States for a decade.

There is another way to read *Ortiz-Santiago*. Perhaps the court bypassed *Chenery* because any possible error was harmless. That is an established reason for deciding without remand. See *Cronin v. Department of Agriculture*, 919 F.2d 439, 442–43 (7th Cir. 1990) (futile remands are unnecessary); *Borovsky v. Holder*, 612 F.3d 917, 920–21 (7th Cir. 2010) (remand is unnecessary when it would lead to a finding of harmlessness). If an application of the harmless-error rule is the best way to understand *Ortiz-Santiago*, the doctrine is equally applicable to Chen's situation. The Board rejected Chen's argument under *Mendoza-Hernandez*, finding that the two documents added up to one valid Notice to Appear. Forfeiture would have been an alternative ground of decision, here as in *Ortiz-Santiago*. By ignoring the problem when it could have been fixed, Chen bypassed the benefit of the claim-processing rule. A person who allows a procedural error to lurk in the record until the 10 years have passed, and brings

it to light only then, has surrendered any opportunity for ju-
dicial relief.

The petition for review is denied.