NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted December 22, 2020[*]
Decided December 29, 2020

Before

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

| | |
|---|---|
| No. 20-2190 | Petition for Review of an Order of the Board of Immigration Appeals. |
| JOSE LUIS RODRIGUEZ, *Petitioner*, | |
| *v.* | No. A200-142-031 |
| JEFFREY A. ROSEN, Acting Attorney General, *Respondent*. | |

**Order**

Jose Luis Rodriguez has been ordered removed to Mexico, his native country. He asked for cancellation of removal on the ground that a change of nations would cause hardship to his five-year-old daughter, a citizen of the United States. See 8 U.S.C. §1229b(b)(1)(D). Both an immigration judge and the Board of Immigration Appeals rejected that request, ruling that petitioner does not meet the statutory standard: "excep-

_____

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a).

tional and extremely unusual hardship to … [a] child, who is a citizen of the United States". The sorts of economic and social hardships that petitioner asserts are ordinary, the IJ and BIA concluded, rather than "exceptional and extremely unusual".

Petitioner contends in this court that the Board did not "properly consider[] the hardship factors." By this he appears to mean that the Board rendered a substantively incorrect decision. But 8 U.S.C. §1252(a)(2)(B)(i) forecloses judicial review of such an argument. A proviso in 8 U.S.C. §1252(a)(2)(D) allows our correction of legal errors, but the Board did not commit one. Petitioner observes that the Board did not mention and analyze all of the many factors arguably pertinent to cancellation of removal. Yet no rule of law requires an administrative adjudicator to traipse mechanically through lists of factors. We have held that the Board must consider arguments presented to it, see *Champion v. Holder*, 626 F.3d 952, 956 (7th Cir. 2010), but the Board's opinion shows that it understood and resolved the argument that petitioner was making.

Petitioner also contends that the agency should have dismissed the proceeding because the notice to appear, which was issued in August 2011, omitted a date for the initial hearing and was therefore defective under the holding of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). If petitioner had brought this error to the agency's attention in a timely manner, perhaps it would indeed have dismissed the proceeding (though the agency instead might have fixed the problem, once it had been flagged). But petitioner did not protest in 2011. He duly appeared for the initial hearing, which a separate notice had set for April 2013, and did not complain about the defect until July 31, 2018. The Board held that this lengthy delay forfeited any opportunity to object.

That decision has the support of *Ortiz-Santiago v. Barr*, 924 F.3d 956 (7th Cir. 2019), which holds that a flaw in the notice to appear is a problem in the administration of a claims-processing rule, not a jurisdictional defect requiring the dismissal of a removal proceeding. The benefit of claims-processing rules can be waived or forfeited. See also *Chen v. Barr*, 960 F.3d 448 (7th Cir. 2020). Given *Ortiz-Santiago* and *Chen*, the Board did not abuse its discretion in holding that petitioner waited too long to raise the issue. He tells us that, until the Supreme Court decided *Pereira*, it was *impossible* for aliens to raise this issue, but we rejected that very argument in *Ortiz-Santiago*, *Chen*, and other decisions, such as *United States v. Manriquez-Alvarado*, 953 F.3d 511 (7th Cir. 2020). Because petitioner has forfeited whatever benefit *Pereira* offers, we need not hold this proceeding for the Supreme Court's decision in *Niz-Chavez v. Barr*, No. 19–863 (argued Nov. 9, 2020), in which the alien timely raised an issue about combining two documents to make one valid notice to appear; there is no forfeiture problem in *Niz-Chavez*.

The petition for review is denied to the extent it contends that the removal proceeding should have been closed and is dismissed for lack of jurisdiction to the extent it seeks review of the order denying petitioner's request for cancellation of removal.