NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 18, 2020
Decided June 16, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 19-3346

| | |
|---|---|
| YA ZHEN ZHU, | On Petition for Review of an Order |
| *Petitioner*, | of the Board of Immigration Appeals. |
| | |
| *v.* | No. A077-353-787 |
| | |
| MERRICK B. GARLAND,[1] | |
| Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

Ya Zhen Zhu, a Chinese citizen, petitioned for review of an order of the Board of Immigration Appeals denying her motion to reopen her removal proceedings. Eight years after she was ordered removed, Zhu sought to reopen proceedings based on the Supreme Court's decision in *Pereira v. Sessions*, which required a Notice to Appear to specify the time and place of an alien's removal hearing to trigger what is known as the

---

[1] Merrick B. Garland was substituted in place of William Barr while this matter was on appeal.

"stop-time rule." 138 S. Ct. 2105, 2118 (2018). That rule prevents a noncitizen from accruing additional continuous physical presence towards the 10 years required to be able to apply for cancellation of removal after they have been served. Zhu argued that she was never served with an NTA that complied with 8 U.S.C. § 1229(a)(1), so she never stopped accruing continuous physical presence in the United States to apply for cancellation of removal.

We held Zhu's case in abeyance after the Supreme Court took up *Niz-Chavez v. Barr*, No. 19-863, 2020 WL 3038288 (U.S. June 8, 2020), to resolve a post-*Pereira* circuit split over whether a subsequent notice of hearing can cure a defective NTA. In April 2021, the Supreme Court issued its decision in *Niz-Chavez v. Garland*, holding that the government may not provide the required information "piecemeal" and must instead issue an NTA in the form of "a single fully compliant document to trigger the stop-time rule." 141 S. Ct. 1474, 1479 (Apr. 29, 2021).

In its later position statement, the government argued that *Niz-Chavez* was not fully dispositive of the issues before us. The government concedes that Zhu never received a fully compliant NTA, but maintains that she forfeited any challenge to it by not raising a timely objection during her initial removal proceedings. The government points to our decision in *Chen v. Barr*, 960 F.3d 448, 451–52 (7th Cir. 2020), issued days before the Court granted certiorari in *Niz-Chavez*, in which we concluded that a petitioner surrendered any opportunity for relief by neither timely objecting to a defective NTA nor showing excusable delay or prejudice. The government argues that Zhu's untimeliness was inexcusable because, long before *Pereira*, she could have contested the statutory deficiencies in the NTA. Moreover, says the government, she had not shown prejudice because proper notice would not have changed the outcome, given that she—assisted by counsel— regularly attended all of her hearings throughout removal proceedings that spanned nine years.

Zhu counters that *Chen* is distinguishable because the petitioner there neither made a *Pereira*-like argument nor sought cancellation of removal. She also asserts that the question of prejudice was not at issue in her case before the Board, that the Board did not specify forfeiture as a reason for denying her motion, and that any evaluation of prejudice would run afoul of *SEC v. Chenery Corp.*, 318 U.S. 80, 87–88 (1943), which prevents us from deciding the case on a ground the Board did not rely upon.

*Chen* controls this appeal. Like Chen, Zhu did not object to the defective NTA or seek relief on this basis until after *Pereira* was decided and after her removal

proceedings had ended. By not timely objecting to the defective NTA, she forfeited this argument and can obtain relief only if she can establish excusable delay and prejudice. *Meraz-Saucedo v. Rosen*, 986 F.3d 676, 683 (7th Cir. 2021) (citing *Chen*, 960 F.3d at 451); *Ortiz-Santiago*, 924 F.3d at 965. At oral argument, Zhu contended that her delay is excusable because the Supreme Court decided *Pereira* only after her removal proceedings had ended, but we have rejected that argument based on the availability of a statutory challenge to § 1229(a)(1) that has existed for years. *Meraz-Saucedo*, 986 F.3d at 683 (citing *United States v. Manriquez-Alvarado*, 953 F.3d 511, 513 (7th Cir. 2020)); *Ortiz-Santiago*, 924 F.3d at 964. And any argument that Zhu was prejudiced by the defective NTA is refuted by her regular attendance at each hearing, with counsel, during nearly a decade of proceedings. *Meraz-Saucedo*, 986 F.3d at 684.

Lastly, with regard to Zhu's contention that *Chenery* blocks us from deciding a question on a ground that the Board did not mention, this too was decided in *Chen*. There, we emphasized that a petitioner's failure to raise an issue (e.g., a defective-notice challenge or prejudice) to an agency furnishes a good reason to deny a petition for judicial review and renders a *Chenery*-style remand unnecessary. *See Chen*, 960 F.3d at 451.

We therefore DENY the petition for review.