In the

# United States Court of Appeals
## For the Seventh Circuit

───────────────

No. 20-1459

ISMAEL HERNANDEZ-ALVAREZ,

*Petitioner*,

*v.*

WILLIAM P. BARR,
Attorney General of the United States,

*Respondent*.

───────────────

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A043-789-540.

───────────────

ARGUED NOVEMBER 6, 2020 — DECIDED DECEMBER 16, 2020

───────────────

Before ROVNER, BRENNAN and ST. EVE, *Circuit Judges*.

ST. EVE, *Circuit Judge*. Mexican citizen Ismael Hernandez-Alvarez was a permanent resident of the United States when, in 2002, he was convicted in Illinois of indecent solicitation of a child. The Department of Homeland Security ("DHS") initiated removal proceedings on the grounds that his conviction constituted an aggravated felony. Though Hernandez-Alvarez argued that his solicitation conviction did not qualify as

an aggravated felony, an Immigration Judge ("IJ") and the Board of Immigration Appeals (the "Board") disagreed and ordered his removal. He then moved for the Board to reconsider but was removed to Mexico before the Board decided his motion. The Board then determined that his removal constituted a withdrawal of his motion to reconsider.

Fifteen years later, Hernandez-Alvarez moved for the Board to reconsider its decision and reopen his removal proceedings in light of two recent Supreme Court decisions: *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562 (2017), and *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). He argued that his motion was timely because it merited equitable tolling; alternatively, he requested that the Board invoke its authority to reopen his proceedings *sua sponte*.[1] The Board denied his statutory motion to reconsider and reopen, concluding that equitable tolling was not warranted because Hernandez-Alvarez failed to show due diligence. It also rejected his argument based on *Pereira* that the IJ did not have jurisdiction over his removal proceedings and declined to exercise its power to reopen the proceedings *sua sponte*. Because the Board did not abuse its discretion in denying Hernandez-Alvarez's statutory motion to

---

[1] We recognize that "[d]escribing the motion as seeking a '*sua sponte*' reopening is a common but unfortunate misnomer and even an oxymoron." *Salazar-Marroquin v. Barr*, 969 F.3d 814, 816 n.1 (7th Cir. 2020); *see also Fuller v. Whitaker*, 914 F.3d 514, 515 n.1 (7th Cir. 2019) ("[W]hen the Board acts in response to a litigant's request, it is not acting *sua sponte*."). Nonetheless, we use the phrase here because it "distinguishes the Board's inherent power to reopen removal proceedings at any time from a party's right to file one motion to reopen within 90 days of a final agency determination" or a party's right to file one motion to reconsider within 30 days of a final agency determination. *Salazar-Marroquin*, 969 F.3d at 816 n.1.

reconsider and reopen, his petition for review is denied. And because the Board did not commit legal error in declining to reopen his proceedings *sua sponte*, we dismiss that aspect of the petition for want of jurisdiction.

## I. Background

### A. Removal Proceedings

In 2002, when he was 20 years old, Hernandez-Alvarez was charged and convicted of indecent solicitation of a child in Illinois as part of an undercover operation. He conversed in an internet chat room with an adult undercover investigator, whom he believed to be a 15-year-old girl named "Katie." He made plans to meet "Katie" for sex and was arrested the next morning en route to meet her. He was convicted under 720 ILCS 5/11–6(a), which provided:

> A person of the age of 17 years and upwards commits the offense of indecent solicitation of a child if the person, with the intent that the offense of aggravated criminal sexual assault, criminal sexual assault, predatory criminal sexual assault of a child, or aggravated criminal sexual abuse be committed, knowingly solicits a child or one whom he or she believes to be a child to perform an act of sexual penetration or sexual conduct as defined in Section 12–12 of this Code.

The statute defined "child" as "a person under 17 years of age." 720 ILCS 5/11–6(b). Hernandez-Alvarez was then sentenced to 30 months' probation and six months' periodic imprisonment.

As a result of this conviction, on April 9, 2003, DHS initiated removal proceedings by issuing Hernandez-Alvarez a notice to appear. It charged him as being removable under 8 U.S.C. § 1227(a)(2)(A)(iii) on the theory that indecent solicitation of a child constitutes sexual abuse of a minor and so is an aggravated felony.[2] DHS later added an additional basis for removability based on 8 U.S.C. § 1101(a)(43)(U)'s definition of "aggravated felony" to include an attempt to commit an offense that constitutes an aggravated felony.

The issued notice to appear did not include a date and time of the initial agency hearing and stated that it would occur on a date and time to be set. On April 18, 2003, the immigration court issued Hernandez-Alvarez a notice of hearing informing him that the hearing would take place on April 22, 2003.

Hernandez-Alvarez appeared with counsel at the April 22, 2003 hearing and at a subsequent hearing held on May 8, 2003. He moved to terminate his removal proceedings on the grounds that his conviction under 720 ILCS 5/11-6 was not an aggravated felony. The IJ disagreed and issued a written decision ordering Hernandez-Alvarez's removal. The IJ relied on 8 U.S.C. § 1101(a)(43)(U), which defines "aggravated felony" to include an attempt to commit any substantive offense listed in § 1101(a)(43), including the sexual abuse of a minor. *See* § 1101(a)(43)(A). The IJ determined that, regardless of whether Hernandez-Alvarez's conviction could be

―――――――――――

[2] The notice to appear alternatively charged Hernandez-Alvarez as being removable under 8 U.S.C. § 1227(a)(2)(E)(i) on the theory that indecent solicitation of a minor constitutes child abuse. The IJ did not rule on this basis of removability and so we will not discuss it further.

considered "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A), "his conviction clearly qualifies as an *attempt* to commit sexual abuse of a minor" because he intended to engage in sexual abuse of a minor and took a substantial step towards committing that criminal act.

Hernandez-Alvarez appealed his removal to the Board. On January 9, 2004, the Board adopted the IJ's rationale and denied his appeal. Hernandez-Alvarez then moved for the Board to reconsider, but before it could reach his motion, he was removed to Mexico. The Board subsequently determined that his removal constituted a withdrawal of his motion under 8 C.F.R. § 1003.2(d) and did not rule on the merits.

Hernandez-Alvarez filed a petition for review of the Board's decision to uphold his removal, which we denied. *Hernandez-Alvarez v. Gonzales*, 432 F.3d 763 (7th Cir. 2005). He argued that his solicitation conviction did not qualify as an attempt to commit sexual abuse of a minor because the person solicited was an adult investigator rather than a child. *Id.* at 765. We disagreed, reasoning that solicitation is "a partially completed offense similar to an attempt" and so Hernandez-Alvarez's conviction falls within the definition of "sexual abuse of a minor." *Id.* at 766. Even though his offense did not involve an actual minor, we determined that impossibility did not preclude Hernandez-Alvarez's conviction from being characterized as an aggravated felony because under both Illinois and federal law, "[t]he impossibility of completing the offense attempted is not a defense." *Id.* at 766–67 (citation omitted).

**B. Motion to Reopen and Reconsider**

Fifteen years later, on May 3, 2019, Hernandez-Alvarez filed a motion to reopen and reconsider with the Board based on two recent Supreme Court decisions. In *Esquivel-Quintana*, the Court addressed the question of "whether a conviction under a state statute criminalizing consensual sexual intercourse between a 21-year-old and a 17-year-old qualifies as sexual abuse of a minor" under the Immigration and Nationality Act and held that "it does not." 137 S. Ct. at 1567. Because "the generic federal definition of sexual abuse of a minor requires that the victim be younger than 16," the state statute at issue did "not categorically fall within that definition" and so "a conviction pursuant to it is not an aggravated felony under § 1101(a)(43)(A)." *Id.* at 1568. Hernandez-Alvarez argued that just like the state statute at issue in *Esquivel-Quintana*, the Illinois statute he violated encompassed conduct that fell outside the generic federal definition of sexual abuse of a minor because it included 16-year-olds in its definition of "child." *See* 720 ILCS 5/11-6(b). Thus, his conviction should not have been considered an aggravated felony.

In *Pereira*, the Supreme Court examined a provision that allows nonpermanent residents who have accrued 10 years of continuous physical presence in the United States to be eligible for cancellation of their removal. According to the "stop-time rule," the "period of continuous physical presence is 'deemed to end … when the alien is served a notice to appear.'" 138 S. Ct. at 2109 (quoting 8 U.S.C. § 1229b(d)(1)(A)). The Court determined that a notice to appear that failed to specify the time or place of the removal proceedings was insufficient to trigger the stop-time rule. *Id.* at 2110. Hernandez-Alvarez contended that, because his notice to appear did not

include the time or place, it was defective and so the immigration court lacked jurisdiction to conduct removal proceedings in his case.

Hernandez-Alvarez acknowledged that a motion to reconsider generally must be filed within 30 days of a final administrative order of removal, 8 U.S.C. § 1229a(c)(6)(B), and a motion to reopen generally must be filed within 90 days. 8 U.S.C. § 1229a(c)(7)(C)(i). Nonetheless, Hernandez-Alvarez argued that the Board should consider his statutory motion to reconsider and reopen timely because equitable tolling of the time and numeric limitations was warranted. Alternatively, he contended that the Board should invoke its authority to reconsider and reopen his removal proceedings *sua sponte* because he would suffer manifest injustice if its prior decision was allowed to stand.

The Board denied Hernandez-Alvarez's motion to reconsider and reopen. Regarding his statutory motion to reconsider its 2004 decision, the Board determined that equitable tolling was not warranted. The Board acknowledged that Hernandez-Alvarez had submitted a timely motion to reconsider in 2004, which it deemed withdrawn after he was removed. In 2010, we determined that the Board has jurisdiction to consider motions even after an alien has been removed. *Marin-Rodriguez v. Holder*, 612 F.3d 591 (7th Cir. 2010). Nonetheless, the Board noted that nine years had elapsed between our decision in *Marin-Rodriguez* and Hernandez-Alvarez's motion to reconsider, and so equitable tolling was not warranted because Hernandez-Alvarez had failed to show he diligently pursued his rights. The Board also stated that even if it were to reach the merits of Hernandez-Alvarez's motion to

reconsider, it was not convinced of any error in its application of the law at that time.

The Board then considered Hernandez-Alvarez's motion to reopen proceedings based on the Supreme Court's decisions in *Esquivel-Quintana* and *Pereira*. Regarding his argument based on *Esquivel-Quintana*, the Board declined to equitably toll the filing deadline. It noted that the Court's decision in *Esquivel-Quintana* had occurred almost two years before Hernandez-Alvarez had submitted his motion and he had failed to show he exercised due diligence. Regarding his argument based on *Pereira*, the Board did not reach the issue of timeliness. Rather, it concluded our recent decision in *Ortiz-Santiago v. Barr*, 924 F.3d 956 (7th Cir. 2019), foreclosed his argument that the defective notice to appear stripped the immigration court of jurisdiction.

The Board further declined to invoke its *sua sponte* authority to reopen Hernandez-Alvarez's removal proceedings. It noted that it only sparingly invokes its *sua sponte* authority and views it as a remedy reserved for truly exceptional situations. The Board stated that after considering the circumstances presented and Hernandez-Alvarez's arguments, it did not find the situational so exceptional that it warranted reopening the removal proceedings. Hernandez-Alvarez then submitted a timely petition for review of the Board's decision.

## II. Discussion

In his petition, Hernandez-Alvarez challenges the denial of his motion to reconsider and reopen on several grounds. He argues that the Board should have found his statutory motion to reconsider to be timely because it relates back to his 2004 motion. Alternatively, he asserts that the Board erred

when it determined that his motion to reconsider did not warrant equitable tolling. He further contends that the Board erred when it denied his statutory motion to reopen, given that equitable tolling was warranted, and the Board did not consider whether he was prejudiced by his defective notice to appear. Lastly, he argues that the Board committed legal error when it declined to invoke its authority to reopen proceedings *sua sponte*.

## A. Statutory Motion to Reconsider

We first turn to the Board's denial of Hernandez-Alvarez's statutory motion to reconsider. "A motion to reconsider contends that the original decision was somehow erroneous" and "asks [the Board] to revisit its decision in light of 'additional legal arguments, a change of law, or an argument that was overlooked earlier.'" *Victor v. Holder*, 616 F.3d 705, 709 (7th Cir. 2010) (quoting *Patel v. Gonzales*, 442 F.3d 1011, 1015 (7th Cir. 2006)). "[I]n considering such motions, the Board places itself 'back in time and consider[s] the case as though a decision in the case on the record before [it] had never been entered.'" *Mungongo v. Gonzales*, 479 F.3d 531, 534 (7th Cir. 2007) (quoting *In re Cerna*, 20 I. & N. Dec. 399, 402 (B.I.A. 1991)). Generally, an alien is limited to one motion to reconsider that must be filed within 30 days of the date of entry of a final administrative order of removal. *See* 8 U.S.C. § 1229a(c)(6)(A), (B). We review the Board's denial for abuse of discretion. *Vyloha v. Barr*, 929 F.3d 812, 815 (7th Cir. 2019). "The Board has abused its discretion when its decision was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis, such as invidious discrimination against a race or particular group." *Id.* (internal quotation marks and citation omitted).

Hernandez-Alvarez contends that the Board erred in denying his motion to reconsider for two reasons. He asserts that the Board should have considered his motion timely because the 2019 motion relates back to the still-pending 2004 motion. He further contends that even if his 2019 motion does not relate back to the 2004 motion and is therefore untimely, the Board abused its discretion when it determined that equitable tolling was not warranted. We address each of these arguments.

**1. Relation Back**

Hernandez-Alvarez contends that, because the Board never reached the merits of his 2004 motion to reconsider, his 2019 motion should be considered timely because it relates back to the still-pending 2004 motion. There is no dispute that Hernandez-Alvarez timely filed a motion to reconsider in 2004. Once he was removed, however, the Board determined that his motion had been withdrawn under 8 C.F.R. § 1003.2(d) and did not reach the merits. In 2010, we determined that "[a]s a rule about subject-matter jurisdiction, § 1003.2(d) is untenable" and the Immigration and Nationality Act authorizes the Board to reconsider its own decisions regardless of whether the alien is still present in the United States. *Marin-Rodriguez*, 612 F.3d at 593–94. Relying on *Marin-Rodriguez*, Hernandez-Alvarez argues that the Board did not possess the authority to withdraw his 2004 motion to reconsider based on his removal and so that motion remains pending. Thus, according to Hernandez-Alvarez, his 2019 motion to reconsider is timely because it relates back to his still-pending 2004 motion.

Hernandez-Alvarez failed to exhaust his administrative remedies because he did not raise this argument before the

Board, and so we need not reach its merits. "A failure to ex-
haust administrative remedies usually forecloses a petitioner
from raising an issue in federal court that was not raised be-
fore the immigration tribunal." *Duarte-Salagosa v. Holder*, 775
F.3d 841, 846 (7th Cir. 2014). To properly exhaust his reme-
dies, "a petitioner has the burden of raising th[e] legal point
before the Board." *Garcia-Martinez v. Barr*, 921 F.3d 674, 678
(7th Cir. 2019). Hernandez-Alvarez argued to the Board that
his 2019 motion was timely because equitable tolling was war-
ranted, not because it related back to his still-pending 2004
motion. He thus did not adequately exhaust the issue.

Hernandez-Alvarez makes two unpersuasive arguments
as to why we should find that he exhausted his administrative
remedies. First, he argues that he raised the issue before the
Board because his motion cited *Marin-Rodriguez* and argued
that the Board had jurisdiction to consider his 2019 motion
despite his removal from the United States. Yet this brief ref-
erence to *Marin-Rodriguez* occurs in a section labeled "Stand-
ards for a Motion to Reconsider and a Motion to Reopen Re-
moval Proceedings"—13 pages before he argues that his mo-
tion is timely—and falls far short of arguing that his 2019 mo-
tion is timely because it relates back to his still-pending 2004
motion. Alternatively, Hernandez-Alvarez argues that even if
he did not raise the issue to the Board, the Board nevertheless
addressed the status of his 2004 motion to reconsider because
it referenced *Marin-Rodriguez* when denying his 2019 motion.
In support for this argument, Hernandez-Alvarez relies on
two unpublished opinions in which we concluded that "when
the [Board] *sua sponte* denies relief on a ground not raised by
the alien, the failure to raise that argument to the [Board] does
not preclude our review." *Cisneros-Cornejo v. Holder*, 330 F.
App'x 616, 618 (7th Cir. 2009); *see also Mei Mei Liu v. Mukasey*,

264 F. App'x 530, 533 (7th Cir. 2008). Nonetheless, here the Board's decision did not engage with the precise question of whether *Marin-Rodriguez* means that Hernandez-Alvarez's motion—which was administratively withdrawn six years before we decided *Marin-Rodriguez*—was still pending or whether his motion to reconsider related back to it.

Accordingly, Hernandez-Alvarez failed to exhaust his remedies before the Board for his argument that his 2019 motion is timely because it relates back to his 2004 motion, and "consequently he failed to preserve his right to judicial review." *Ghaffar v. Mukasey*, 551 F.3d 651, 656 (7th Cir. 2008)

**2. Equitable Tolling**

Hernandez-Alvarez alternatively argues that the Board abused its discretion when it determined that his motion to reconsider did not warrant equitable tolling. While generally an alien has 30 days to file a motion to reconsider, this filing deadline is a "non-jurisdictional claim-processing rule[], subject to the doctrine of equitable tolling." *Ramos-Braga v. Sessions*, 900 F.3d 871, 876 (7th Cir. 2018) (per curiam). "In order to succeed on a claim for equitable tolling, a petitioner must demonstrate due diligence." *El-Gazawy v. Holder*, 690 F.3d 852, 859 (7th Cir. 2012). This is satisfied "if the petitioner can show that 'he could not have reasonably been expected to file earlier.'" *Yusev v. Sessions*, 851 F.3d 763, 767 (7th Cir. 2017) (quoting *El-Gazawy*, 690 F.3d at 859).

The Board determined that Hernandez-Alvarez's motion to reconsider did not merit equitable tolling because nine years elapsed between our decision in *Marin-Rodriguez*—which overturned the basis on which the Board had previously deemed his motion withdrawn—and when he filed his

2019 motion. And because he failed to show that he diligently pursued his rights during that time, equitable tolling was not warranted. According to Hernandez-Alvarez, even though our decision in *Marin-Rodriguez* overturned the basis on which the Board had deemed his 2004 motion withdrawn, he could not have reasonably been expected to file the motion to reconsider before the Court's 2017 decision in *Esquivel-Quintana* because caselaw in the Seventh Circuit did not support his underlying argument.

Even assuming that Hernandez-Alvarez could not have been reasonably expected to bring his motion prior to the decision in *Esquivel-Quintana*, he nevertheless fails to show that the Board abused its discretion in determining that equitable tolling was not warranted. In resolving his motion to reopen, the Board determined that Hernandez-Alvarez had failed to show that he had exercised due diligence in bringing his motion, given that he did not file his motion for almost two years after the Court's decision in *Esquivel-Quintana*. On appeal, Hernandez-Alvarez concedes it took him and his attorney a "long period of time" to prepare and file his motion, but argues that equitable tolling is nonetheless warranted because geographic separation and the passage of time made the motion difficult to prepare. Other than these conclusory assertions, Hernandez-Alvarez fails to offer any evidence that he diligently pursued his rights in the two years following *Esquivel-Quintana*. *See El-Gazawy*, 690 F.3d at 860 (upholding the Board's determination that a petitioner did not demonstrate due diligence when he failed "to offer any support for his claim that he acted diligently to preserve his rights" during a two-year period). We thus cannot conclude that the Board abused its discretion in determining that equitable tolling was not warranted.

**B. Statutory Motion to Reopen**

We next turn to the Board's denial of Hernandez-Alvarez's statutory motion to reopen. Unlike motions to reconsider, "[m]otions to reopen ask the [Board] to reconsider its earlier decision based on 'facts or evidence not available at the time of the original decision.'" *Mungongo*, 479 F.3d at 534 (quoting *Patel*, 442 F.3d at 1015). While a motion to reopen generally must be filed within 90 days of the date of entry of a final administrative order, 8 U.S.C. § 1229a(c)(7)(C)(i), this filing deadline can be equitably tolled. *Yuan Gao v. Mukasey*, 519 F.3d 376, 377 (7th Cir. 2008). Like motions to reconsider, we review the Board's denial of a motion to reopen for abuse of discretion. *Patel*, 442 F.3d at 1016.

Hernandez-Alvarez based his motion to reopen on the Court's decisions in *Esquivel-Quintana* and *Pereira*. As discussed above, the Board did not abuse its discretion in determining that the motion was untimely and did not merit equitable tolling. Unlike his motion to reopen based on *Esquivel-Quintana*, the Board reached the merits of his *Pereira* claim, and determined that our decision in *Ortiz-Santiago* foreclosed his argument that the immigration court did not have jurisdiction. In *Ortiz-Santiago*, we held that the requirement that a notice to appear include the date and time of the removal proceeding is not jurisdictional in nature and is instead a claims-processing rule. 924 F.3d at 965. Relief based on a defective notice to appear is available only "for those who make timely objections, as well as those whose timing is excusable and who can show prejudice." *Id.* On appeal, Hernandez-Alvarez contends that the Board failed to assess his argument that his timing was excusable and he suffered prejudice from the

defective notice. He asserts we must remand the case to the Board so it can determine these issues in the first instance.

Even assuming that Hernandez-Alvarez's late objection is excusable, he has not put forth any plausible argument as to why he was prejudiced by his defective notice to appear. Hernandez-Alvarez argues that the prejudice to him is "obvious" because, under *Esquivel-Quintana*, he was not convicted of an aggravated felony and so was not removable. But this argument misses the mark because *Ortiz-Santiago*'s prejudice inquiry does not focus on prejudice derived from the removal proceedings generally; rather, it focuses specifically on prejudice suffered at the time of the hearing. Accordingly, we look, for example, to whether the defects in the notice to appear deprived the alien of the ability to attend or prepare for the hearing, including the ability to secure counsel. *See Chen v. Barr*, 960 F.3d 448, 451 (7th Cir. 2020) (determining that respondent could not show prejudice because she did not "contend she lacked actual knowledge of the time and place for the hearing" and she appeared with counsel); *Vidinski v. Barr*, 790 F. App'x 816, 820 (7th Cir. 2019) (noting that it was "unlikely that Vidinski could establish prejudice" given that he received the notice to appear, contested the charge of removability, attended the hearing, and was represented by a lawyer); *Ortiz-Santiago*, 924 F.3d at 964–65 ("This is not a case in which the Notice of Hearing never reached him, or it came so quickly that he had trouble preparing for the hearing."). While Hernandez-Alvarez's notice to appear initially lacked the date and time of the initial agency hearing, he received a notice of hearing shortly afterward that included the required information. He secured counsel before attending the hearing, and did not argue that he "was prejudiced by the delivery of the

statutory information in two documents rather than one," either to the Board or on appeal. *Chen*, 960 F.3d at 451.

Despite his failure to advance any relevant arguments that he was prejudiced by the defective notice to appear, Hernandez-Alvarez urges us to remand the case to the Board so that it can determine whether he satisfies *Ortiz-Santiago*'s inquiry in the first instance. We decline to do so. When a petitioner fails to raise any plausible argument as to why he was prejudiced, we have determined that remand is unnecessary. *Chen*, 960 F.3d at 451 (declining to remand where the petitioner failed to advance a plausible argument that she suffered prejudice); *Shojaeddini v. Barr*, 781 F. App'x 545, 548 (7th Cir. 2019) (denying a petition for review rather than remanding where the petitioners did not show, or even attempt to show, "that they were prejudiced by having received the time and date of their hearing in a separate document"); *Ortiz-Santiago*, 924 F.3d at 965 (determining that no "discernable prejudice" occurred without remanding to the Board). Accordingly, remand is unnecessary.

### C. Motion for the Board to Reopen Proceedings *Sua Sponte*

Finally, we turn to Hernandez-Alvarez's contention that the Board erred by declining to reopen proceedings *sua sponte*. The Board has discretion to reopen a case on its motion at any time, 8 C.F.R. § 1003.2(a), but only invokes this power "sparingly, treating it not as a general remedy for any hardships created by enforcement of the time and number limits in the motions regulations, but as an extraordinary remedy reserved for truly exceptional situations." *Matter of G-D-*, 22 I. & N. Dec. 1132, 1133-34 (BIA 1999). Our review of the Board's denial to reopen proceedings *sua sponte* is very narrow—"[b]ecause no law defines what situations will qualify as 'exceptional,' we

have held that the merits of these denials are unreviewable." *Salazar-Marroquin*, 969 F.3d at 817. Our review of the Board's denial is limited to assessing "constitutional transgressions and other legal errors that the Board may have committed in disposing of such a motion." *Fuller*, 914 F.3d at 519. Such legal errors include whether the Board's "stated rationale for denying such a motion indicates that it ignored evidence that the alien tendered in support of his request" or misapprehended the basis for the motion. *Id.* at 519, 522.

The Board concluded that Hernandez-Alvarez's situation was not exceptional enough to warrant exercising its authority to reopen his proceedings. On appeal, Hernandez-Alvarez asserts that the Board committed legal error in declining to reopen his case *sua sponte* because it stated that even if it were to reach the merits of his statutory motion to reconsider, it was "not convinced of any error in [its] application of the law at that time." Hernandez-Alvarez interprets this statement to mean that the Board determined that *Esquivel-Quintana* would not change the outcome in his case, which he argues is legally erroneous because *Esquivel-Quintana* compels the conclusion that his solicitation conviction was not an aggravated felony.

Hernandez-Alvarez's argument misinterprets the Board's decision. A close reading of the decision reveals that the Board did not reach the question of whether *Esquivel-Quintana* applies to Hernandez-Alvarez's conviction. In his motion to the Board, Hernandez-Alvarez argued that the Board had erred when it found that his conviction qualified as an aggravated felony. In making this argument, he first argued why *Esquivel-Quintana* compels the conclusion that his conviction should not have been considered an aggravated felony. Second, he

discussed the prior decisions of the IJ, the Board, and the Seventh Circuit and contended that they were *wrong when decided* based on caselaw that existed at that time. He cited to cases like *People v. Scott*, 318 Ill. App. 3d 46 (2000), and *Taylor v. United States*, 495 U.S. 575, 599–601 (1990), and made several arguments as to why his conviction should not have been considered an aggravated felony even before the Court decided *Esquivel-Quintana*. It was this latter argument that the Board referenced when it stated that it was "not convinced of any error in [its] application of the law at that time," as evidenced by its citation to the portion of Hernandez-Alvarez's motion that focused on the state of the caselaw in 2004, not the portion that discussed *Esquivel-Quintana*'s application to his case. Hernandez-Alvarez's argument that the Board legally erred by determining that *Esquivel-Quintana* did not apply to his case therefore fails, because the Board made no such determination. The Board's decision does not suggest that it failed to consider Hernandez-Alvarez's arguments concerning the import of *Esquivel-Quintana* when it determined it did not find an exceptional situation warranting the sparing invocation of a remedy it reserves for truly exceptional situations.

Hernandez-Alvarez further argues that the Board erred in not invoking its inherent authority to reopen his case because *Esquivel-Quintana* means that the Board got it wrong in 2004, and so his case is by definition "exceptional." Hernandez-Alvarez relies on a concurrence from *Matter of J-J-*, 21 I. & N. Dec. 976, 985 (BIA 1997) (Villageliu, Board Member, concurring), which stated that "exceptional situations … must include cases where the courts have reversed the underlying basis for the Board's legal conclusions in a case after the 30-day limitation for motions to reconsider has expired." Apart from this concurrence—whose position was not reflected in the

majority—Hernandez-Alvarez has provided no caselaw to support his contention that the Board was compelled to exercise its inherent authority to reopen his case.

The Board's explanation for why it declined to reopen the proceedings *sua sponte* did not contain or imply any legal error. "Judicial review accordingly is unavailable." *Malukas v. Barr*, 940 F.3d 968, 971 (7th Cir. 2019).

### III. Conclusion

To the extent that the Board denied the statutory motion to reconsider and reopen, the petition for review is denied. To the extent that the Board declined to reopen the proceedings *sua sponte*, the petition for review is dismissed for want of jurisdiction.