In the

# United States Court of Appeals

## For the Seventh Circuit

No. 21-2088

JAVIER DIAZ MEJIA,

*Petitioner*,

*v.*

MERRICK B. GARLAND, Attorney General of the United States,

*Respondent*.

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A099-025-650

ARGUED SEPTEMBER 19, 2022 — DECIDED JULY 27, 2023

Before WOOD, SCUDDER, and JACKSON-AKIWUMI, *Circuit Judges*.

JACKSON-AKIWUMI, *Circuit Judge*. Javier Diaz Mejia is a Mexican national challenging the denial of withholding of removal under 8 U.S.C. § 1231(b)(3) and protection under the Convention Against Torture. Diaz Mejia fears that a gang in Mexico City will target him if he returns to Mexico.

The Immigration Judge found Diaz Mejia's testimony and documentation credible, but denied relief on five grounds, two of which are important to this petition for review. First, the IJ concluded the gang's prior attacks on Diaz Mejia, which resulted in only minor injuries, were not severe enough to count as persecution under 8 U.S.C. § 1231(b)(3). Second, the IJ found that, regardless of any other argument Diaz Mejia might raise, his claims for relief failed because he could avoid the gang by relocating within Mexico. The BIA agreed with both conclusions.

Unfortunately for Diaz Mejia, the BIA's two determinations are dispositive, particularly because Diaz Mejia's counsel failed to challenge the relocation issue before the BIA or us.

**I**

Diaz Mejia, a Mexican national, reentered the United States after being removed from the country at least twice before. In August 2020, the Department of Homeland Security reinstated its prior removal orders and initiated another removal proceeding. Diaz Mejia sought withholding of removal under 8 U.S.C. § 1231(b)(3) and protection under the Convention Against Torture. He claimed that if returned to Mexico, he would face violence from the Union of Tepito, a criminal organization he had been coerced into assisting. The gang approached Diaz Mejia while he was selling religious keychains around Mexico City and demanded that he use his business travel as a front to transport the gang's drugs. When Diaz Mejia initially refused, the gang beat him and mocked his religion. Diaz Mejia stated that police officers were nearby when the beating occurred and ignored it, but he could not say whether they saw it.

Diaz Mejia agreed to help the gang but, after a few drug deliveries, he quit and relocated his business to a different area on the outskirts of Mexico City. The gang nonetheless found and attacked him again, this time hitting his head with a gun and threatening to kill him. Diaz Mejia eventually fled to the United States. He testified that he believed he could not go elsewhere in Mexico because he did not know if other gangs were affiliated with the Union of Tepito. He also feared people in other regions would discriminate against his Mexico City accent.

The IJ found Diaz Mejia credible but denied withholding of removal on several grounds. For one, the gang's prior attacks did not qualify as persecution under the statute. Additionally, Diaz Mejia failed to demonstrate future persecution would be likely, failed to establish that his persecution was tied to membership in a qualifying social group, and failed to show that Mexican officials would be unwilling or unable to protect him. Finally, the IJ decided that Diaz Mejia could avoid the gang by relocating within Mexico. The IJ also denied Diaz Mejia protection under the Convention Against Torture because his beatings by the gang did not rise to the level of torture and did not involve the acquiescence of government officials.

The BIA affirmed, holding that Diaz Mejia had not been persecuted and his ability to relocate within Mexico doomed both his claims. The BIA determined those two issues were dispositive and therefore did not address the IJ's other findings. Importantly, because Diaz Mejia did not meaningfully raise the relocation issue on appeal to the BIA, the BIA concluded that he had waived any challenge to the IJ's findings

about his ability to relocate. Diaz Mejia now petitions this court for review.

## II

An applicant is eligible for withholding of removal if they can show that their life or freedom would be threatened due to their race, religion, or membership in a particular social group, among other characteristics. 8 U.S.C. § 1231(b)(3)(A). An applicant bears the burden of making such a showing. *Id.*; § 1231(b)(3)(C); 8 C.F.R. § 1208.16(b). A showing of past persecution in the applicant's previous country creates a rebuttable presumption that future persecution may follow if the applicant is removed. § 1208.16(b)(1)(i). This presumption is rebutted if an IJ finds that there has been a fundamental change in circumstances, or the applicant could avoid a threat to their life or freedom by moving to a different part of the country. § 1208.16(b)(1)(i)(A)-(B).

An applicant can receive withholding of removal under the Convention Against Torture if they can show it is more likely than not that they will be tortured if removed. § 1208.16(c)(2). But like withholding of removal, whether an applicant can avoid torture by relocating to a different part of the country is an important consideration. § 1208.16(c)(3)(ii). Accordingly, an applicant's ability to relocate creates grounds to reject claims for either statutory withholding or Convention Against Torture protection. *Garcia-Arce v. Barr*, 946 F.3d 371, 377–78 (7th Cir. 2019).

As an initial matter, in his petition Diaz Mejia attempts to argue issues that were not addressed by the BIA in its affirmance of the IJ. For the BIA, these were "additional issues" it need not resolve because past persecution and ability to

relocate were dispositive. Diaz Mejia notes the BIA cited a now-vacated decision for this proposition, but the broad principle that the BIA may ignore some issues as subordinate to other dispositive issues remains good law. *Meza v. Garland*, 5 F.4th 732, 737–38 (7th Cir. 2021) ("Since a failure to demonstrate good moral character is a sufficient basis for denying cancellation of removal, the Board had no need to go further.").

With that threshold matter aside, we consider the IJ's and BIA's findings on past persecution. Diaz Mejia does not directly challenge the finding that he has not suffered past persecution. Recall, the IJ decided that the two gang attacks Diaz Mejia endured did not count as persecution under § 1231(b)(3) because he was not seriously injured. Diaz Mejia's brief does not point to any evidence that would cast doubt on this decision. Rather, his brief asks us to assume past persecution, and instead jumps to arguing subordinate issues, such as whether the IJ properly identified Diaz Mejia's social group, or whether the IJ properly addressed the issue of government acquiescence to Diaz Mejia's persecution.

This failure to develop an argument on past persecution results in waiver. *Minghai Tian v. Holder*, 745 F.3d 822, 827 (7th Cir. 2014). Because Diaz Mejia has waived an argument about past persecution, he must demonstrate that he cannot relocate within Mexico to avoid future persecution.

Even if Diaz Mejia had demonstrated past persecution — creating a presumption of future persecution — that is rebutted if the applicant can avoid future threats by relocating to another part of the country and doing so is "reasonable." 8 C.F.R. § 1208.16(b)(1)(i); § 1208.16(b)(1)(i)(B); *Garcia-Arce*, 946 F.3d at 377. The IJ, as permitted by § 1208.16(c)(3)(ii) and

§ 1208.16(b)(1)(i)(A)-(B), concluded that Diaz Mejia could avoid the threats he faced by moving within Mexico. Diaz Mejia did not meaningfully challenge this ruling before the BIA -we found only a single sentence in his brief to the BIA protesting that the IJ incorrectly assigned the burden of proof for the internal relocation question. In the brief he prepared for our court, Diaz Mejia acknowledges he "did not preserve the issue of internal relocation on [sic] his agency appeal." A petitioner must exhaust administrative remedies before coming to federal court and cannot make arguments here not raised before the immigration tribunal. 8 U.S.C. § 1252(d)(1); *Hernandez-Alvarez v. Barr*, 982 F.3d 1088, 1094 (7th Cir. 2020). Diaz Mejia failed to meaningfully present the relocation issue to the BIA, so any argument on it is foreclosed. *Nyandwi v. Garland*, 15 F.4th 836, 841 (7th Cir. 2021). Because of this waiver, we must accept the finding that Diaz Mejia could avoid future threats by relocating within Mexico and affirm the denial of both his withholding of removal and Convention Against Torture claims on that basis.

### III

Diaz Mejia failed to meaningfully challenge the two dispositive issues in his case before the BIA or this court — the findings of no past persecution and ability to relocate upon return to Mexico. As a result, we are compelled to **DENY** the petition for review.