In the

# United States Court of Appeals

## For the Seventh Circuit

---

Nos. 22-1086 & 22-2280

EUGENIUSZ WOJCIECHOWICZ,

*Petitioner*,

*v.*

MERRICK B. GARLAND, Attorney General of the United States,

*Respondent*.

---

Petitions for Review of an Order
of the Board of Immigration Appeals.
No. A029-604-552

---

ARGUED MAY 17, 2023 — DECIDED AUGUST 8, 2023

---

Before RIPPLE, SCUDDER, and LEE, *Circuit Judges*.

SCUDDER, *Circuit Judge*. Eugeniusz Wojciechowicz, a Polish citizen and U.S. lawful permanent resident, was denied entry to the United States in 2019 due to several prior theft-related convictions, which are considered crimes involving moral turpitude under immigration law. While detained and awaiting removal, Wojciechowicz obtained a pardon from Illinois Governor J.B. Pritzker, and the Board of Immigration Appeals granted a stay of removal to consider whether to

reopen removal proceedings. But Immigrations and Customs Enforcement, the federal agency tasked with detaining and removing noncitizens, removed him to Poland anyway in violation of the Board's stay. The Board later declined to reopen his removal proceedings.

Wojciechowicz now seeks review of the Board's decision not to reopen removal proceedings, contending that Governor Pritzker's pardon should have made him retroactively admissible to the United States in 2019. But the Immigration and Nationality Act is clear that a pardon does not make an otherwise inadmissible noncitizen admissible, even if a pardon can save a resident noncitizen from being removed. And Wojciechowicz identifies no other legal or constitutional errors that would give us jurisdiction to review the Board's decision. We therefore deny his petition.

## I

### A

Eugeniusz Wojciechowicz came to live in the United States in the late 1980s. In 1999 he married a U.S. citizen, with whom he has two kids. He became a lawful permanent resident in 2004.

While working in Chicago, Illinois as a subcontractor installing windows, Wojciechowicz began double-billing for his work. His scheme continued for several years, and in the end he stole over $100,000 in connection with nearly 50 jobs. In time he was arrested and charged under Illinois law with theft by deception, theft by unauthorized control, and forgery. He pleaded guilty to all counts in 2011, and the state court sentenced him to two years of probation and required him to pay restitution.

In March 2019 Wojciechowicz traveled to Poland for his sister's funeral. When he attempted to reenter the United States at O'Hare International Airport, however, he was stopped at customs due to his prior convictions. Those convictions, Customs and Border Protection officials determined, constituted crimes involving moral turpitude and rendered him inadmissible. See 8 U.S.C. § 1182(a)(2)(A)(i)(I). So Immigration and Customs Enforcement detained Wojciechowicz and initiated proceedings to remove him from the United States. Although he remained in the country while those proceedings were ongoing, under the (somewhat counterintuitive) terminology of immigration law he was never "admitted" to the United States. See *Jennings v. Rodriguez*, 138 S. Ct. 830, 836 (2018).

Wojciechowicz's first response to the removal proceedings was to apply for a waiver of inadmissibility, which he did in May 2019. He claimed that removal would adversely impact his wife and kids. An immigration judge denied his waiver application on two grounds, concluding both that he had failed to show extreme hardship and also that the severity of his prior crimes weighed against waiver as a discretionary matter. The immigration judge therefore determined that Wojciechowicz was inadmissible and, as a result, removable. See 8 U.S.C. § 1227(a)(1)(A) (deeming any noncitizen who was inadmissible at the time of entry to be removable).

In November 2019 the Board of Immigration Appeals affirmed the immigration judge's ruling based on the judge's second, discretionary justification. Wojciechowicz then sought review in our court, but in July 2020 we dismissed his petition for lack of jurisdiction because he failed to raise a

legal challenge to the Board's decision. See *Wojciechowicz v. Barr*, 812 F. App'x 382 (7th Cir. 2020).

From there ICE set a removal date of November 27, 2020. A week before that date arrived, however, Wojciechowicz received a pardon from Governor Pritzker for his 2011 convictions. Wojciechowicz then filed—on November 27, the day he was scheduled to be removed—a request to stay his removal and to reopen removal proceedings under 8 U.S.C. § 1229a(c)(7). He also asked the Board to reopen proceedings on its own motion—a request known in immigration parlance as *sua sponte* reopening. See 8 C.F.R. § 1003.2(a) (2002) (authorizing the Board to "at any time reopen or reconsider a case in which it has rendered a decision on its own motion") (amended 2020).

The Board granted a stay of removal, but ICE—in clear violation of the stay and with no accompanying explanation—removed Wojciechowicz to Poland. He has remained there since.

B

In December 2021 the Board denied Wojciechowicz's motion to reopen. The Board explained that his motion was time-barred: his removal order became final in November 2019 when the Board affirmed the immigration judge's denial of his waiver application, but he waited until November 2020 to move to reopen the proceedings. That put him well beyond the 90-day statutory deadline imposed by 8 U.S.C. § 1229a(c)(7)(C)(i). The Board also declined to exercise its discretion to reopen removal proceedings on its own accord. It found no statutory support in 8 U.S.C. § 1182—the section of the Immigration and Nationality Act that governs

admissibility—for Wojciechowicz's contention that Governor Pritzker's pardon rendered him admissible despite his convictions admittedly being for crimes involving moral turpitude.

The following month Wojciechowicz filed a petition for review in our court. He also returned to the Board with a motion to reconsider, where he developed his pardon-related arguments more fully. In that motion he identified a 1954 Board decision and a 1991 State Department regulation that, in his view, supported his position that he should not be considered inadmissible in light of his pardon. See *Matter of H-*, 6 I. & N. Dec. 90 (BIA 1954); 22 C.F.R. § 40.21(a)(5). He also asserted that his pardon had the effect of voiding his 2011 convictions entirely.

The Board was unpersuaded. It found that *Matter of H-* no longer governed admissibility determinations because Congress had significantly amended the INA several times since 1954, undermining that decision's precedential value. The Board also declined to rely on the State Department regulation, explaining that the INA includes no pardon waiver that would make an otherwise inadmissible noncitizen admissible and emphasizing that a "regulation cannot countermand a statute." Finally, the Board rejected Wojciechowicz's alternative contention—that the pardon he received voided his convictions altogether—because he had already admitted to committing and being convicted of crimes involving moral turpitude. All of this led the Board to deny Wojciechowicz's motion to reconsider.

Wojciechowicz now petitions for review from the Board's denial of both his motions.

**II**

In our review of the Board's decisions, we must separate Wojciechowicz's statutory motion to reopen removal proceedings from his efforts to convince the Board to reopen proceedings on its own motion. That is because Congress has limited federal courts' review of Board of Immigration Appeals decisions. On the one hand, we have jurisdiction to review the Board's denial of motions to reopen under the INA itself. See *Reyes Mata v. Lynch*, 576 U.S. 143, 147–48 (2015) (citing 8 U.S.C. § 1252(a)(1), (b)(6)). We review the Board's decisions on these issues for abuse of discretion. *Yusev v. Sessions*, 851 F.3d 763, 766 (7th Cir. 2017). On the other hand, though, we lack jurisdiction to review the Board's decision whether to exercise its discretion to *sua sponte* reopen proceedings unless that decision "was tainted by a legal error." *Cruz-Velasco v. Garland*, 58 F.4th 900, 904 (7th Cir. 2023).

We therefore begin with Wojciechowicz's motion to reopen under the INA. By its terms, the Act required him to file that motion "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). Yet his motion to reopen (filed in November 2020) came a full year after his removal order became final (in November 2019), making it untimely.

Wojciechowicz now highlights that the justification for his motion to reopen—Governor Pritzker's pardon—came only seven days before he filed his motion. That is a reasonable point, and it might have presented a good case for equitable tolling of the 90-day statutory deadline had Wojciechowicz requested it. See *Hernandez-Alvarez v. Barr*, 982 F.3d 1088, 1095 (7th Cir. 2020) (recognizing that an untimely motion may be permitted "if the petitioner can show that 'he could not have

reasonably been expected to file earlier'" (quoting *Yusev*, 851 F.3d at 767)). But he never did. Indeed, Wojciechowicz did not even acknowledge in his motion to reopen that the deadline had long since passed, let alone request equitable tolling. In these circumstances, we cannot say the Board abused its discretion by denying Wojciechowicz's motion to reopen as untimely. See *id.* at 1095–96.

## III

We turn next to Wojciechowicz's contention that the Board should have exercised its discretion to reopen his removal proceedings on its own initiative. Remember, though, that we have jurisdiction only to determine whether the Board committed legal error in denying a request for *sua sponte* reopening. See *Cruz-Velasco*, 58 F.4th at 904.

### A

Wojciechowicz's primary contention is that the pardon he received from Governor Pritzker either waives or effectively vacates his convictions for crimes involving moral turpitude, which were what made him inadmissible back in 2019.

Two sections of the Immigration and Nationality Act are central to our analysis. Do not read so fast as to miss the distinction between them. Section 1182 defines which noncitizens are "inadmissible," such that they cannot receive visas or be admitted to the United States. Section 1227, meanwhile, defines which noncitizens are removable (or "deportable"), such that they may be removed from the United States if present here.

Both § 1182 and § 1227 include provisions for noncitizens who have been convicted of crimes involving moral turpitude. A noncitizen who has been convicted of or who admits

to having committed such a crime is inadmissible. See § 1182(a)(2)(A)(i)(I). But a noncitizen is removable based on a conviction for such a crime only if convicted within a specific period of time after being admitted to the United States. See § 1227(a)(2)(A)(i) (imposing timelines of 5–10 years depending on the noncitizen's lawful permanent resident status).

Both sides agree on how these provisions, standing alone, apply to Wojciechowicz. He could not have been removed based on his 2011 convictions because more than 10 years had passed since he was admitted to the United States in 1987. But those convictions would still render him inadmissible, as § 1182(a)(2)(A)(i)(I) applies regardless of when the convictions came. And once Wojciechowicz left the country (to attend his sister's funeral in Poland) and attempted to reenter at O'Hare Airport as an inadmissible noncitizen, that act—and *not* his prior convictions—made him removable under a different provision, § 1227(a)(1)(A).

Timing is not the only difference between the INA's sections regulating admissibility and removability, however. In its 1990 amendments to the INA, Congress added a pardon waiver to § 1227. See Immigration Act of 1990, Pub. L. No. 101-649, § 602(a), 104 Stat. 4978, 5080 (codified at 8 U.S.C. § 1227(a)(2)(A)(vi)). That newly added provision clarifies that § 1227(a)(2)(A)(i), which makes removable certain noncitizens convicted of crimes involving moral turpitude, "shall not apply in the case of [a noncitizen] with respect to a criminal conviction if the [noncitizen] subsequent to the criminal conviction has been granted a full and unconditional pardon by the President of the United States or by the Governor of any of the several States." § 1227(a)(2)(A)(vi). But Congress did not add a similar pardon waiver to § 1182, even as it made other

substantive amendments to that section of the INA. See Immigration Act § 601 (amending 8 U.S.C. § 1182).

No doubt these distinctions can seem subtle. But they are important. What they mean as a practical matter is that the INA currently includes a pardon waiver for determinations of removability under § 1227(a)(2)(A)(i)(I) but not for determinations of admissibility under § 1182(a)(2)(A)(i)(I). Nor does the INA include a pardon waiver for determinations of removability under § 1227(a)(1)(A), which makes removable any inadmissible noncitizen who attempts to enter the United States. That is the provision Wojciechowicz triggered when he attempted to reenter in March 2019.

It is on these issues that the parties' views diverge. Wojciechowicz contends that even though the text of § 1182 includes no express pardon waiver, the pardon he received from Governor Pritzker makes him admissible despite his convictions for crimes involving moral turpitude. The government takes the opposite view, asserting that a pardon cannot render an otherwise inadmissible noncitizen admissible.

The government has the better position. The plain text of the INA as it stands today—especially when read in light of the 1990 amendments—shows that a pardon for a crime involving moral turpitude cannot make an otherwise inadmissible noncitizen admissible. The Supreme Court has instructed that we should "assume that Congress 'acts intentionally and purposely' when it 'includes particular language in one section of a statute but omits it in another section of the same Act.'" *Polselli v. IRS*, 143 S. Ct. 1231, 1237 (2023) (quoting *Sebelius v. Cloer*, 569 U.S. 369, 378 (2013)). We see no way to read the 1990 amendments, which added an express pardon waiver in § 1227's provisions regarding crimes involving

moral turpitude but did not add similar language anywhere in § 1182, as leaving any daylight for a pardon waiver for otherwise inadmissible noncitizens.

The 1990 amendments undercut Wojciechowicz's arguments to the contrary. The Board's 1954 decision in *Matter of H-* rested on the text and structure of the INA as it existed at the time. See 6 I. & N. Dec. at 96 ("An examination of the legislative history of the [1952 INA] fails to disclose any intent to change the prior administrative and judicial holdings that pardons were equally effective in exclusion [inadmissibility] or in expulsion [removal] proceedings."). But Congress has made substantial changes to the INA in the last half century, including the express addition of a pardon waiver in § 1227 and omission of a similar waiver in § 1182. A close examination of that amendment history—which postdates *Matter of H-*—reveals that Congress intended to change the playing field and make pardons relevant in removability proceedings but not in admissibility proceedings.

Wojciechowicz's reliance on State Department regulations fares no better. To be sure, we recognize that 22 C.F.R. § 40.21(a)(5) says in clear terms that a noncitizen "shall not be considered ineligible under [8 U.S.C. § 1182(a)(2)(A)(i)(I)] by reason of a crime involving moral turpitude for which a full and unconditional pardon has been granted … by the Governor of a State of the United States." But the INA is clear too, and where agency regulations conflict with statutory text, statutory text wins out every time. See, *e.g.*, *Util. Air Regul. Grp. v. EPA*, 573 U.S. 302, 321 (2014) ("[A]n agency interpretation that is 'inconsisten[t] with the design and structure of the statute as a whole' does not merit deference." (quoting *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 353 (2013))). We

simply cannot square the regulation with the text and structure of the INA as it was amended in 1990.

Wojciechowicz's alternative argument—that his pardon effectively undoes his convictions—also falls short under the plain text of the INA. Recall that § 1182 makes inadmissible any noncitizen who has either been convicted of a crime involving moral turpitude *or* "admit[ted] [to] having committed" such a crime. 8 U.S.C. § 1182(a)(2)(A)(i). So even if Governor Pritzker's pardon had the effect of wholly erasing Wojciechowicz's convictions from the record books—a proposition we are skeptical of, as Wojciechowicz cites no legal authority in support of his position—he would still be inadmissible because he has admitted to committing crimes involving moral turpitude.

At bottom, the INA and its 1990 amendments are clear. While a pardon can protect an otherwise removable noncitizen against removal proceedings, it cannot render an otherwise inadmissible noncitizen admissible. Nor can it protect an inadmissible noncitizen who tries to enter the United States from removal. Any other conclusion would conflict with the plain direction Congress gave when it amended the INA in 1990.

B

Throughout his appellate brief, Wojciechowicz stresses what he sees as unfairness in how the INA treats noncitizens residing in the United States differently from noncitizens seeking entry to the United States. He did not raise these concerns before the Board, but he did not have to: they are rooted in constitutional principles of equal protection, which the Board lacks jurisdiction to consider. See *Lopez Ramos v. Barr*,

942 F.3d 376, 379 (7th Cir. 2019). We, however, retain jurisdiction to consider constitutional challenges to the INA. See 8 U.S.C. § 1252(a)(2)(D); *Klementanovsky v. Gonzalez*, 501 F.3d 788, 791 (7th Cir. 2007).

To address Wojciechowicz's equal protection arguments, we look to see whether there is any rational basis that could support Congress's decision to treat noncitizens seeking admission to the United States differently from noncitizens already present here. See *Klementanovsky*, 501 F.3d at 791. The Supreme Court has recognized that these classes of noncitizens are "differently situated" from one another, see *Landon v. Plasencia*, 459 U.S. 21, 31 (1982), and at least one other circuit has concluded as a result that the INA permissibly treats crimes involving moral turpitude differently in the context of admission than in the context of removal, see *Mejia-Rodriguez v. Holder*, 558 F.3d 46, 49–50 (1st Cir. 2009) (citing *Landon*, 459 U.S. at 31).

We agree. The government has identified several possible reasons for Congress's line-drawing, and we can think of others. For one, Congress could have reasonably viewed a pardon as evidence that a noncitizen has, despite having a particular criminal history, meaningfully integrated into their community. Congress therefore could have sought to encourage that behavior by permitting the noncitizen to remain but not necessarily leave and return at will. Another possible reason, the government explains, is that Congress might have wanted to keep pardoned noncitizens in the country while their citizenship applications are pending. In short, we can think of many "reasonably conceivable state[s] of facts" and "plausible reason[s]" Congress might have had for its decision to add a pardon waiver to § 1227 but not § 1182. See

*Klementanovsky*, 501 F.3d at 791 (quoting *Lara-Ruiz v. INS*, 241 F.3d 934, 947 (7th Cir. 2001)). So Wojciechowicz's equal protection claim falls short.

\*          \*          \*

In closing we want to briefly recognize the great personal and social impact of immigration proceedings. As the facts giving rise to this petition demonstrate, the INA imposes severe and lasting consequences for misconduct—not just for noncitizens but for their families as well. And it is very difficult to read this opinion and not react with frustration and disappointment to ICE's removal of Wojciechowicz in violation of the Board's stay. No doubt that has only added to the emotional toll these proceedings have had on Wojciechowicz and his family.

In the end, though, our authority is limited, and our obligation remains to respect the limits Congress has placed on our jurisdiction. Wojciechowicz has not identified any legal or constitutional error in the Board's decisions, so we may not review his claims any further.

We therefore have no choice but to DENY the petition for review.